Argued December 6, 1978, affirmed June 12, 1979

# EHLER, *Appellant,*
## *v.*
# PECK, *Respondent.*
## (No. 36-403, SC 25540)
### 595 P2d 1245

Wayne C. Rapp, of Reeder & Rapp, Hillsboro, argued the cause and filed the brief for appellant.

Lewis B. Hampton, of Bolliger, Hampton & Tarlow, Beaverton, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Tongue, Bryson,* and Linde, Justices.

DENECKE, C. J.

---

*Bryson, J., retired April 1, 1979.

**DENECKE, C. J.**

Plaintiff brought this action for a commission allegedly owed to him by defendant for services rendered in connection with defendant's purchase of real estate. The trial court granted defendant's motion for nonsuit. Plaintiff appeals and we affirm.

Plaintiff was a licensed "real estate salesperson" and was employed by defendant, a licensed "real estate broker." A "real estate salesperson" can only engage in "real estate activity" as an agent for a "real estate broker" or "real estate organization." ORS 696.025(5) Defendant operated a real estate business as a sole proprietorship.

Plaintiff attempted to get a listing agreement on two pieces of property. The owners were interested in selling but would not enter into a listing agreement. Nevertheless, plaintiff attempted to find a purchaser for the properties but was unsuccessful. Plaintiff testified defendant expressed interest in purchasing the properties. Plaintiff also testified, over defendant's objection, that defendant orally agreed to pay plaintiff a 5 per cent commission if defendant bought the properties. Later, defendant did buy the properties for his personal account.

■ The defendant contends that the plaintiff is not entitled to recover because the statute of frauds (ORS 41.580(7)) requires a writing to prove the alleged agreement. Plaintiff's position is that although defendant employed him as agent to negotiate a purchase of the property, the statute of frauds is not applicable because the agreement to pay a commission was between plaintiff as a real estate salesperson and defendant as a real estate broker.

ORS 41.580 provides that certain agreements are void unless they are in writing. Subsection (7) provides that the statute applies to "An agreement authorizing or employing an agent or broker to sell or purchase real estate for a compensation or commission * * *."

Plaintiff relies upon *Sorenson v. Brice Realty Company,* 204 Or 223, 282 P2d 1057 (1955). *Sorenson* expressly held that subsection (7) of the statute of frauds, above quoted, does "not apply to an oral agreement whereby a licensed real estate broker employs a licensed real estate salesman or broker as his subagent to sell or purchase real estate listed with the broker for compensation or a commission." 204 Or at 229.

In this case, however, whatever services plaintiff rendered in the purchase of this property were to defendant in his individual capacity and for his own account and not in defendant's capacity as real estate broker. Under these circumstances, with plaintiff admitting he was acting as agent for defendant, any agreement for commissions was void unless it was in writing. The trial court did not err in granting defendant's motion for nonsuit.

■ Defendant asserted two counterclaims on promissory notes. The first was on a note for $500 which had a provision for attorney fees. The plaintiff answered and denied owing any amount. The parties ultimately stipulated at trial that plaintiff owed $207 and the trial court entered judgment for that amount plus $150 attorney fees. Plaintiff contends that defendant is not entitled to any fee because he did not recover the full amount. Plaintiff's contention is erroneous. If plaintiff had offered to pay the amount eventually awarded, defendant would not have been the prevailing party and, therefore, not entitled to attorney fees, but plaintiff did not make such offer. *Wetzstein v. Hemstreet,* 276 Or 623, 629, 555 P2d 1243 (1976).

■ Plaintiff also contends the trial court erred in denying plaintiff attorney fees on defendant's second counterclaim. Defendant pleaded as a counterclaim a demand note executed by plaintiff. Defendant alleged he is entitled to recover against plaintiff on the note "to the extent, if any, to which plaintiff may be entitled to recover in plaintiff's Second Cause of

[526]

Action." When the trial court granted defendant's motion for nonsuit the defendant "elects not to proceed on the one note * * *."

The conditional assertion of the note was because defendant claimed to have already paid plaintiff a commission in connection with the purchase by crediting plaintiff's debt as evidenced by the note.

Plaintiff contends he is entitled to attorney fees because he is the prevailing party as defendant withdrew his claim. In *Dean Vincent v. Krishell Lab.,* 271 Or 356, 532 P2d 237 (1975), plaintiff brought an action for breach of a contract which had a provision for attorney fees. Plaintiff took a voluntary nonsuit just before trial. We held, pursuant to ORS 20.096, that the defendant was the prevailing party and was entitled to an attorney fee. *Dean Vincent, Inc. v. Krishell Lab., supra* (271 Or 356), is not applicable in this case. Defendant alleged plaintiff owed nothing unless plaintiff prevailed on his claim. When plaintiff did not prevail defendant immediately withdrew his claim.

Affirmed.