Argued and submitted March 8, affirmed June 23,
reconsideration denied August 12,
petition for review denied October 5, 1982 (293 Or 635)

# WACKER SILTRONIC CORPORATION,
*Appellant,*

*v.*

# PAKOS,
*Respondent.*

## (No. A8101-00320, CA A21737)

646 P2d 1366

James N. Westwood, Portland, argued the cause for appellant. With him on the briefs were Fredric A. Yerke and Miller, Nash, Yerke, Wiener & Hager, Portland.

James S. Coon, Portland, argued the cause for respondent. With him on the brief were Allan D. Sobel and Sobel & Coon, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff appeals an order of the trial court awarding attorney fees to defendant pursuant to ORS 20.096(1) after plaintiff's action was voluntarily dismissed pursuant to ORCP 54A(1). We affirm.

Plaintiff filed an action to enjoin defendant, plaintiff's employe, from revealing trade secrets to plaintiff's competitor. The complaint sought attorney fees pursuant to a provision in the "confidentiality agreement" defendant had signed when he was employed by plaintiff. Plaintiff obtained a temporary restraining order and a preliminary injunction. Defendant then filed a motion to make more definite and certain and several discovery motions. The motion to make more definite and certain was granted, as were certain of the discovery motions.

■     In a letter to counsel for plaintiff written during the course of those proceedings, defendant's counsel stated that his client would settle the matter if plaintiff would pay defendant's attorney fees and voluntarily dismiss the action. Plaintiff's attorney inquired as to the amount of fees involved and received a response. Without further negotiations plaintiff then filed a notice of dismissal under ORCP 54A(1).[1] The court signed the order. Before judgment was entered, however, defendant filed a motion for attorney fees, and the court awarded defendant attorney fees as the prevailing party.

ORS 20.096(1) provides:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be

---

[1] ORCP 54A(1) provides:

"Subject to the provisions of Rule 32D and of any statute of this state, an action may be dismissed by the plaintiff without order of court (1) by filing a notice of dismissal with the court and serving such notice on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded * * *. Unless otherwise stated in the notice of dismissal * * *, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action against the same parties on or including the same claim unless the court directs that the dismissal shall be without prejudice. Upon notice of dismissal * * * under this subsection, the court shall enter a judgment of dismissal."

awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements."

ORS 20.096(5) defines "prevailing party" as "the party in whose favor final judgment or decree is rendered." A judgment of dismissal without prejudice is a "final judgment or decree" for purposes of allowing attorney fees under the statute. *Dean Vincent, Inc. v. Krishell Lab.,* 271 Or 356, 532 P2d 237 (1975); *Sackett v. Mitchell,* 264 Or 396, 505 P2d 1136 (1973).

Plaintiff contends that defendant is not the prevailing party in this case, because the voluntary dismissal was granted as a "ministerial" matter that did not involve the discretion of the trial court in that it was sought more than five days before trial and no counterclaim had been filed. ORCP 54A(1), *supra,* n 1. Plaintiff attempts to distinguish this case from *Dean Vincent, Inc. v. Krishell Lab., supra,* on the basis that, in that case, the voluntary dismissal was sought less than five days before trial and the approval of the court was required for the dismissal. It contends that, because the trial court had no discretion in entering the judgment of dismissal in this case, the judgment was not "rendered" as required in the definition of prevailing party.

We see no indication in the statutory language that the legislature intended such a distinction. A voluntary dismissal of an action has the same effect whether filed more than five days before trial or less than five days before. There is no difference relevant to the application of ORS 20.096(1). We hold that the trial court "rendered" judgment in favor of defendant and that defendant is the prevailing party as that term is used in ORS 20.096(1).

Plaintiff also contends that, even if defendant is the prevailing party, the award of attorney fees was erroneous, because defendant did not plead entitlement to them. In *Dean Vincent, Inc. v. Krishell Lab., supra,* the defendant had pleaded a counterclaim for attorney fees, which the trial court struck. The defendant then filed a petition for fees. The Supreme Court held:

"Certainly, defendant made it known that he was requesting attorney's fees, and the court ultimately ruled on the merits of his request. We are not going to quibble about the form in which defendant made his original request. Whether a counterclaim was or was not the proper technical method by which to request attorney's fees, it accomplished the principle purpose of a pleading, which is to inform the pleader's adversary of the pleader's position. In any event, if a request for fees can be made only after defendant prevails, as the trial court held, a petition is a proper way to present the matter as long as defendant had informed his adversary at the commencement of the case that fees will be requested if defendant is ultimately successful in the defense of the action." 271 Or at 360.

Defendant here contends that he had "informed his adversary" that attorney fees would be sought in the case by the communications between his counsel and counsel for plaintiff in which it was indicated that defendant would settle the case in return for payment of his attorney fees. We agree. Plaintiff had pleaded the contract provision for payment of attorney fees by defendant in the action brought by plaintiff to enforce the confidentiality agreement; ORS 20.096(1) makes that provision reciprocal. Defendant's motion to make more definite and certain had been granted and plaintiff had not yet complied. Defendant had not been required to file a responsive pleading at the time plaintiff filed the notice of dismissal.

■ ■ In *Shipler v. Van Raden*, 288 Or 735, 608 P2d 1162 (1980), the Supreme Court allowed attorney fees to the defendant who had pleaded entitlement to them but denied fees to two other defendants who had not pleaded a contractual provision providing for attorney fees. One of those defendants had sought attorney fees only as part of the damages claimed in a malicious prosecution counterclaim. The other defendant

"* * * was not a party to the contract and did not assert in her answer any rights under the contract and ORS 20.096(1). Her answer contained no prayer for any relief in her favor. There is simply no basis in the pleadings for judgment for attorney fees for her." (Footnote omitted.) 288 Or at 735.

The court went on to hold that attorney fees under ORS 20.096(1) are not part of costs but "[r]ather *a basis for an*

*award of fees must be found in the pleadings,* and evidence must be taken to support the award." (Emphasis supplied.) 288 Or at 745. It is unclear from *Shipler* whether the *plaintiff* in that case had pleaded the contract provision for attorney fees. However, we hold that when, as here, a contractual provision for award of attorney fees is pleaded by the plaintiff, and the defendant makes it known in any reasonable manner that attorney fees will be sought, the fact that a responsive pleading seeking attorney fees had not been filed will not prevent defendant from recovering fees.

Affirmed.