Argued and submitted August 24, 1981, affirmed September 1, 1982

## PRECISION ROOF TRUSSES, INC.,
*Appellant,*

*v.*

## DEVITT et al,
*Respondents.*

## (A8006-03158, CA A20414)

650 P2d 152

Robert Lohman, West Linn, argued the cause and filed the brief for appellant.

Thomas A. Gerber, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

BUTTLER, P. J.

## BUTTLER, P. J.

The sole issue on appeal is whether defendants Vernon and Vera Devitt are entitled to costs and attorney fees in this action, which started as one to foreclose a construction lien. ORS 87.010. Defendants Devitt were joined as defendants in the foreclosure suit, because they were the owners of the real property on which the improvements were made; they had no contractual relationship with plaintiff. After the action was filed, those defendants determined that the action had not been filed within six months of the filing of the lien, ORS 87.055, whereupon they filed a motion for summary judgment.

Before the hearing on that motion, plaintiff conceded that the lien had expired prior to the filing of the action and filed a notice and judgment of dismissal of the lien proceedings against defendants Devitt, as well as some others; the action was then dismissed as to all of those defendants with prejudice but with costs.[1]

Thereafter, plaintiff obtained default judgments against the remaining defendants with whom plaintiff had a contract, and obtained a money judgment against them. Defendants Devitt filed a cost bill, which included attorney fees pursuant to ORS 87.060(4), to which plaintiff filed objections on the grounds that (1) those defendants were not prevailing parties and (2) the attorney fees claimed were excessive. After defendants Devitt responded to the objections, plaintiff filed an additional memorandum asserting two additional objections: that the Devitts did not ask for attorney fees in their prayer, and that ORCP 54 does not authorize costs to a dismissed party. Shortly thereafter, the trial court entered the order and judgment for costs and disbursements, including attorney fees, from which plaintiff appeals.

■ ■ Assuming, without deciding, that all of the objections were properly made, we conclude that defendants Devitt were the prevailing parties in the purported lien foreclosure suit. They prevailed against the plaintiff, and plaintiff did not prevail in any way with respect to them.

---

[1] The form of judgment submitted by plaintiff provided for no costs; the trial court changed it to provide costs.

*See Betz Construction v. Peterson,* 47 Or App 333, 614 P2d 1184, *rev den* 289 Or 677 (1980), where we held that the defendant-owners in a lien foreclosure suit, against whom a judgment was entered on their contract with the plaintiff after the court determined that there was no valid lien, were not the prevailing parties. Plaintiff's contention that this action could not be a lien foreclosure because it was filed too late misses the mark; the only basis for joining the Devitts was that they owned the land. The fact that defendants Devitt did not pray for costs and attorney fees in their motion for summary judgment[2] is of no consequence in view of the fact that the action was dismissed as to them, not on their motion, but on plaintiff's motion to dismiss pursuant to ORCP 54A; the judgment of dismissal so recites.

■ ■ ORCP 54D does not preclude an award of costs to a party voluntarily dismissed by a plaintiff. *See Wacker Siltronic Corp. v. Pakos,* 58 Or App 40, 646 P2d 1366, *rev den* 293 Or 635 (1982). To the contrary, the language of that section strongly suggests that costs may be allowed, because it provides:

> "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order *for the payment of any unpaid judgment for costs and disbursements against plaintiff in the action previously dismissed* as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order." (Emphasis supplied.)

---

[2] Under ORCP 68C(2), which was not in effect at the time this action was determined, it is necessary for the moving party to pray for costs and attorney fees in the motion resulting in dismissal. That rule provides:

> "A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. A party shall not be required to allege a right to a specific amount of attorney fees; an allegation that a party is entitled to 'reasonable attorney fees' is sufficient. If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be asserted by a demand for attorney fees in such motion, in substantially similar form to the allegations required by this subsection. Such allegation shall be taken as substantially denied and no responsive pleading shall be necessary. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection."

If costs were not allowable, there would be no occasion for there to be "any unpaid judgment for costs and disbursements against the plaintiff in the action previously dismissed * * *." The record supports the reasonableness of the time and efforts of the Devitts' attorneys; the amount of attorney fees awarded was reasonable.

Affirmed.