Argued and submitted May 4, affirmed July 25, reconsideration denied August 24, petition for review denied September 18, 1984 (297 Or 824)

HORN et ux,
*Appellants,*

*v.*

## LIEUALLEN LAND AND LIVESTOCK CORPORATION,
*Respondent.*

(83-2-189; CA A30522)

684 P2d 1246

Milo Pope, Mt. Vernon, argued the cause for appellants. With him on the brief were Edward Joel Clark and Kilpatricks & Pope, Mt. Vernon.

Mark B. Block, Portland, argued the cause for respondent. With him on the brief were Herbert H. Anderson, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Gillette, Presiding Judge, and Young and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs appeal that portion of a judgment which allowed attorney fees to defendant. We affirm.

Plaintiffs filed a complaint to foreclose a land sale contract against defendant buyer. The contract provided that the prevailing party in any action to enforce the contract was entitled to reasonable attorney fees. Plaintiffs alleged entitlement to attorney fees in their complaint, their amended complaint and their second amended complaint. Defendant filed motions against each of the pleadings, but did not assert a right to attorney fees. Ultimately, defendant's motion to dismiss plaintiffs' second amended complaint was granted without leave to amend due to plaintiffs' failure to allege the performance of all conditions precedent. Shortly thereafter, defendant filed a motion for entry of judgment in which, for the first time, it alleged its right to attorney fees under the contract. On the basis of that motion, the trial court awarded fees to defendant.

On appeal, plaintiffs contend that defendant was not entitled to attorney fees, because it failed to comply with ORCP 68C(2), which controls the manner of asserting such a claim. In response, defendant argues that it did comply with that rule and that, even if it did not, it is entitled to attorney fees under our holding in *Wacker Siltronic Corp. v. Pakos,* 58 Or App 40, 646 P2d 1366, *rev den* 293 Or 635 (1982).

In *Wacker,* we held

"* * * [W]hen, as here, a contractual provision for award of attorney fees is pleaded by the plaintiff, and the defendant makes it known in any reasonable manner that attorney fees will be sought, the fact that a responsive pleading seeking attorney fees had not been filed will not prevent defendant from recovering fees." 58 Or App at 45.

Although defendant would be entitled to fees under the *Wacker* rule, there is some question whether that rule is still valid, given that *Wacker* involved circumstances that predated the adoption of ORCP 68. However, in the light of our holding, we need not answer that question in this case.

ORCP 68C(2) provides, in pertinent part:

"A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which

provides a basis for the award of such fees in a pleading filed by that party. A party shall not be required to allege a right to a specific amount of attorney fees; an allegation that a party is entitled to 'reasonable attorney fees' is sufficient. *If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be asserted by a demand for attorney fees in such motion* in substantially similar form to the allegation required by this subsection. \* \* \*" (Emphasis supplied.)

This rule expressly allows a party who does not file a pleading but instead seeks judgment *or* dismissal by motion, to assert the right to fees in the motion. Here, defendant initially filed a motion to dismiss, followed by a motion for entry of judgment. Although it did not assert a right to fees in the first motion, it did so in the second and thereby complied with the rule.

Plaintiffs argue that, because the trial judge was obligated to enter judgment in any event, the motion for entry of judgment was unnecessary and should not be used as the basis for an award of attorney fees. We find this argument unpersuasive. In the first place, ORCP 68C(2) expressly provides for the assertion of a claim for attorney fees in a motion for judgment. Therefore, even assuming that defendant's second motion was filed for no other reason than to assert a claim for fees, the fact remains that the rule was complied with. In the second place, ORCP 12 requires the court to construe pleadings liberally with a view to substantial justice between the parties. At the very least, defendant's motion alerted plaintiffs to the fact that attorney fees would be sought in this case. Admittedly, that notice was given as the curtain was coming down, but plaintiffs can hardly complain of prejudice or surprise from defendant's actions, given their own claim for fees based on the same contractual provision.

Affirmed.