WILLAMETTE VIEW ASSOCIATES, INC. et al,
*Respondents,*

*v.*

PETTIBON,
*Appellant.*

(A8304-02497; CA A34620)

728 P2d 573

Craig D. White, Portland, argued the cause and filed the briefs for appellant.

No appearance for respondent Willamette View Associates, Inc.

John Lundeen, Lake Oswego, argued the cause for respondent Daniel Beeson. With him on the brief were Frank M. Parisi, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals an adverse judgment on his counterclaim on a promissory note that was made by Beeson, Lord and defendant and was payable to defendant.[1] The claims against the individual plaintiffs Lord and Beeson were dismissed at the beginning of the trial for lack of a prerequisite partnership accounting.[2] Through counsel, Lord and Beeson continued to participate in the trial on the merits, apparently because they "were interested in the outcome."[3] No one formally represented the corporation, and no one appears on appeal in its behalf. Defendant makes 20 assignments of error. Only the attorney fees issues merit discussion.[4]

■  Defendant argues that it was error for the court to designate Lord and Beeson as prevailing parties and that the court abused its discretion in awarding them $17,661 as attorney fees. Because the claims against Lord and Beeson were dismissed with prejudice at the outset of the trial, the court did not err in designating them as prevailing parties.[5] *See Dean Vincent, Inc. v. Krishell Lab.,* 271 Or 356, 532 P2d 237 (1975); *Wacker Siltronic Corp. v. Pakos,* 58 Or App 40, 646 P2d 1366, *rev den* 293 Or 635 (1982). Even though those cases involved the language of ORS 20.096 and voluntary dismissals without prejudice, there is no reason to hold otherwise when the claims were dismissed with prejudice.

---

[1] On October 23, 1986, the appeal was dismissed as to Lord, pursuant to a stipulation.

[2] The otherwise generally confusing record is utterly confusing on this point. Although the final judgment reads as if the dismissal were a result of the jury's verdict, the parties, in their briefs, agree that Lord and Beeson were dismissed as parties to the note counterclaim on the first morning of the trial.

[3] The corporation had originated from a partnership of Lord, Beeson and defendant. The note was made in the course of organizing the partnership. At the time of trial Beeson was the receiver of the corporation. Although the affidavit supporting Beeson's claim for attorney fees refers to "representing him and the corporation," the fees were awarded to Beeson personally.

[4] Defendant's fourth and fifth assignments of error focus on what he believes was the trial court's failure to admit in evidence a letter and statement of corporate liabilities. The parties argue the point on its merits. The record shows, however, that the court's last words on the matter were: "I'm going to have to admit number 19 * * *. It is an admission of the corporation." The court's exhibit record form also indicates that defendant's exhibit number 19 was admitted. The parties were (and apparently still are) confused about the ruling, but we cannot say that the court erred.

[5] *See* n 2, *supra.*

■     Beeson, however, can only recover attorney fees for defending against defendant's counterclaim on the note. Once that was dismissed as to him, he lost any entitlement to recover attorney fees incurred thereafter. We remand for the trial court to determine what fees are chargeable to activities after the dismissal and to delete those amounts from the award to Beeson.

Remanded for redetermination of attorney fees payable to respondent Beeson; otherwise affirmed.