Argued and submitted November 4, 1988, affirmed March 8, reconsideration denied · May 12, petition for review and appeal dismissed July 11, 1989 (308 Or 184)

## ATTAWAY, INC.,
*Appellant,*

*v.*

## SAFFER,
*Respondent.*

(87-1765-J-3; CA A46702)

770 P2d 596

Terrence Kay, Lake Oswego, argued the cause for appellant. With him on the briefs was Michael J. Caro, Lake Oswego.

Sandra Sawyer, Medford, argued the cause for respondent. With her on the brief were William H. Ferguson and Ferguson & Ferguson, Medford.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Warren, J., dissenting.

## BUTTLER, P. J.

Plaintiff filed an action against defendant for breach of an employment contract and for a preliminary injunction in Clackamas County. After the injunction was denied and venue was changed to Jackson County on defendant's motion,[1] plaintiff filed a notice of dismissal pursuant to ORCP 54A(1)(a). After that notice was filed, defendant filed in Jackson County a counterclaim seeking rescission of the contract, an objection to dismissal and a motion for attorney fees, in which he asserted that he was the prevailing party and that plaintiff had acted in bad faith, solely for oppressive reasons, in filing the action. ORS 20.105.

■    ORCP 54A provides, in part:

"(1)    Subject to the provisions of Rule 32D and of any statute of this state, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal with the court and serving such notice on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded * * *. Unless otherwise stated in the notice of dismissal * * *, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action against the same parties on or including the same claim unless the court directs that the dismissal shall be without prejudice. Upon notice of dismissal or stipulation under this subsection, the court shall enter a judgment of dismissal.

"* * * * *

"(3)    When an action is dismissed under this section, the judgment may include any costs and disbursements, including attorney fees, provided by rule or statute. Unless the circumstances indicate otherwise, the dismissed party shall be considered the prevailing party."

Under that rule, plaintiff had the absolute right to dismiss the action, and the trial court had authority to include in the judgment of dismissal any costs and disbursements, including attorney fees, "provided by rule or statute." The trial court, in awarding defendant attorney fees as the prevailing party, relied on ORCP 54A(3) and the contract on which plaintiff

---

[1] Defendant's motion for change of venue was denied, but was allowed on reconsideration.

had based its action; the court expressly declined to decide whether defendant was entitled to attorney fees under ORS 20.105.

Plaintiff appeals from the judgment for attorney fees and costs, contending that (1) defendant failed to assert his claim for attorney fees before the action was dismissed and failed to allege the facts, statute or rule providing the basis for fees; (2) defendant is not entitled to fees, because he obtained a restraining order prohibiting discovery into the reasonableness of the fees, and (3) defendant failed to prove the reasonable value of the legal services rendered.

■ Although it is true that defendant filed a motion to dismiss in Clackamas County after his motion for change of venue was denied, and did not assert a right to attorney fees in that motion, his failure to do so was not fatal. *Horn v. Lieuallen Land and Livestock Corp.,* 69 Or App 285, 684 P2d 1246, *rev den* 297 Or 824 (1984). After his motion to reconsider his motion for change of venue was granted and the case was transferred to Jackson County, defendant did not have an opportunity to file a responsive pleading before plaintiff filed its motion to dismiss pursuant to ORCP 54A. Before the trial court entered a judgment dismissing the complaint, defendant filed his motion for attorney fees.

Plaintiff complains that it did not have notice that defendant was claiming fees under the contract. However, in its complaint, plaintiff alleged that the employment contract provided for the award of attorney fees "to the prevailing party * * * in the event of any litigation between the parties," and that, if it was the prevailing party, it should be awarded attorney fees in the action. A copy of the contract was attached to the complaint. Defendant's motion for attorney fees alleged that he was entitled to attorney fees because "the dismissal of plaintiff's complaint makes [defendant] the prevailing party, *and* for the *further reason* that plaintiff acted in bad faith, solely for oppressive reasons in filing this action." (Emphasis supplied.) It was not necessary for defendant to rely on ORS 20.096(1) (the reciprocal statute), as the dissent suggests, because the contract specifically provided that the prevailing party is entitled to attorney fees.

■ The trial court correctly found that defendant was the prevailing party under ORCP 54A(3). Further, in the

spirit of ORCP 12,[2] the court was entitled to construe defendant's motion liberally to include, first, a claim as the prevailing party under the contract provision relied on by plaintiff and, second, "for the *further reason* that plaintiff acted in bad faith," and so forth, which would be a permissible basis for awarding fees under ORS 20.105. It is sufficient under ORCP 68C(2) to assert "the facts" which provide the basis for the award of attorney fees. The "fact" here is that defendant is the prevailing party.[3] Given the court's finding that defendant was the prevailing party and its permissible interpretation of defendant's motion, there was no error in awarding attorney fees to defendant.

We recognize that our decisions in *Dept. of Human Resources v. Strasser,* 83 Or App 361, 732 P2d 38 (1987), and *State ex rel AFSD v. Fulop,* 72 Or App 424, 695 P2d 979, *rev'd on other grounds,* 300 Or 39, 706 P2d 921 (1985), reached a different result. In *Fulop,* we held that, even though the plaintiff in that filiation action had alleged the right to attorney fees under a special statute authorizing the court to award them to the prevailing party, the prevailing defendant was not entitled to attorney fees, because he did not allege the statutory basis for them. On review, the Supreme Court affirmed the judgment for attorney fees on the ground that ORCP did not apply to that proceeding, which was commenced before the effective date of ORS 109.135(1), which made the rules applicable to filiation proceedings. As a result, our decision in *Fulop* is without precedential value.

---

[2] ORCP 12 provides:

"A. All pleadings shall be liberally construed with a view of substantial justice between the parties.

"B. The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

[3] In *Wacker Siltronic Corp. v. Pakos,* 58 Or App 40, 45, 646 P2d 1366, *rev den* 293 Or 635 (1982), we held that

"when, as here, a contractual provision for award of attorney fees is pleaded by the plaintiff, and the defendant makes it known in any reasonable manner that attorney fees will be sought, the fact that a responsive pleading seeking attorney fees had not been filed will not prevent defendant from recovering fees."

Although that case was decided before ORCP 68C(2) became effective, it is not inconsistent with the purpose of the rule, which is to give opposing counsel notice of a claimed right to attorney fees. There can be no doubt here that plaintiff, having itself relied on the contract provision, knew of defendant's right to attorney fees if defendant prevailed.

In spite of that, we relied on *Fulop* in *Strasser* under almost identical facts. In doing so, we did not consider our earlier decision in *Horn v. Lieuallen Land and Livestock Corp., supra,* in which we held that, even though the prevailing defendant on a contract claim in which the plaintiff had alleged the contractual right to attorney fees had not alleged a right to attorney fees in any of its several motions to dismiss, as required by ORCP 68C(2), it was sufficient that the defendant claimed attorney fees after the complaint was dismissed. In doing so, we said:

> "* * * ORCP 12 requires the court to construe pleadings liberally with a view to substantial justice between the parties. At the very least, defendant's motion alerted plaintiffs to the fact that attorney fees would be sought in this case. Admittedly, that notice was given as the curtain was coming down, but plaintiffs can hardly complain of prejudice or surprise from defendant's actions, given their own claim for fees based on the same contractual provision." 69 Or App at 288.

Here, defendant's claim was timely, but it is not as clear as it might have been with respect to the source of the right to attorney fees. However, what we said in *Horn* is applicable to this case and ought to have been applied in *Strasser*. As between the two approaches to the application of ORCP to a case where the plaintiff has alleged his right to attorney fees under a contract or statutory provision that authorizes such fees to the prevailing party, we believe the approach in *Horn* is the more appropriate. We now conclude that *Strasser* was decided wrongly, and it is overruled.

■ Plaintiff's argument that it was denied discovery with respect to the reasonableness of defendant's claimed attorney fees is without merit. Although it is true that, after plaintiff had served a notice to take the deposition of defendant's attorney, apparently with a *subpoena duces tecum,* defendant obtained a temporary restraining order[4] "until such time as the matter may be scheduled for hearing, evidence produced and argument made." At the hearing, plaintiff had full opportunity to cross-examine and to produce witnesses. There is no contention that it sought or was denied a continuance for discovery purposes.

---

[4] The primary reason for the restraining order was that defendant claimed that most of the documents plaintiff sought were privileged.

Plaintiff's final contention that defendant failed to prove the reasonable value of the legal services for which the fees were claimed is not supported by the record. At the conclusion of the hearing, the trial court reduced the amount claimed for attorney fees and also found that certain items of costs were improper. There was no error.

Affirmed.

**WARREN, J.,** dissenting.

Although defendant was the prevailing party on plaintiff's breach of contract claim and could have pleaded his entitlement to attorney fees under both the contract and ORS 20.096, he did not. The only basis for attorney fees that was asserted by defendant is ORS 20.105. His motion reads:

"Defendant moves the court for an order awarding him attorney fees in the above-entitled action for the reason that the dismissal of plaintiff's complaint in this matter makes him a prevailing party, and for the further reason that plaintiff acted in bad faith, solely for oppressive reasons in filing this action and put defendant to considerable expense in defense."

ORCP 68C(2) provides:

"A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection."

*See Dept. of Human Resources v. Strasser,* 83 Or App 361, 732 P2d 38 (1987). Because the trial court awarded fees on a basis not pleaded, I would reverse the award.[1] Because it expressly declined to decide whether plaintiff acted in bad faith or for oppressive reasons, I would remand for a finding on that question. Therefore, I dissent.

---

[1] The majority's reliance on *Horn v. Lieuallen Land and Livestock Corp.,* 69 Or App 285, 684 P2d 1246 (1984), is misplaced and obviously so. We did not approve an award of attorney fees there on a basis not pleaded, as the majority would do here. We only said that, when the plaintiff had pleaded for an award of attorney fees under a contract and the defendant had filed a belated request for attorney fees under that same contract, the award of fees to the defendant was not error. Here, defendant never requested attorney fees on the contract, belatedly or otherwise. The majority does not like what the legislture has done in ORCP 68C(2) and intends to disregard it.