Argued and submitted July 14, affirmed on appeal; reversed and remanded on cross-appeal for reconsideration of attorney fees November 8, 1989

In the Matter of the Marriage of

## McCULLOCH,
### nka Greer,
*Respondent - Cross-Appellant,*
*and*

## McCULLOCH,
*Appellant - Cross-Respondent.*

(15-80-04904; CA A48766)

781 P2d 1240

F. William Honsowetz, Eugene, argued the cause for appellant - cross-respondent. With him on the briefs were Jeffrey E. Potter and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

David C. Force, Eugene, argued the cause and filed the brief for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Father appeals from the trial court's denial of his motion to modify the judgment of dissolution to change custody of the party's minor child and to eliminate child support. Mother cross-appeals from the trial court's refusal to award her reasonable attorney fees under ORS 107.135(6). The court said that it could not consider doing so, because no right to attorney fees had been preserved. We affirm on the appeal and write only to address the cross-appeal.

In response to father's motion and order to show cause, mother filed an affidavit that did not include a specific request for attorney fees. She later filed a cross-motion for modification of the dissolution judgment, which included a request for attorney fees but did not specify the statutory basis for the request. The trial court, in its order denying mother's motion to amend her motion for attorney fees, stated:

> "The petitioner never having pled the statutory basis for her claim for attorney fees, the court is without authority to grant them."

It is apparent that, in denying the motion for attorney fees, the trial court relied on the reasoning in our opinion in *Dept. of Human Resources v. Strasser,* 83 Or App 361, 732 P2d 38 (1987), that, under ORCP 68C(2), a prevailing party is not entitled to attorney fees unless the statutory basis for them is alleged. We overruled that decision in *Attaway, Inc. v. Saffer,* 95 Or App 481, 770 P2d 596, *rev den* 308 Or 184 (1989), in which we held that it is sufficient under ORCP 68C(2) to assert "the facts" that would provide a basis for the award of attorney fees, if the parties were alerted to the fact that attorney fees would be sought and if no prejudice would result. Here, mother asserted sufficient facts to provide a permissible basis for the award. Accordingly, we remand to the trial court to consider whether mother's request for attorney fees should be allowed in the light of *Attaway, Inc. v. Saffer, supra,* and, if so, the amount to be awarded.

Affirmed on appeal; reversed and remanded on cross-appeal for reconsideration of attorney fees. Costs, not including attorney fees, to wife.