Argued and submitted June 15, affirmed on appeal; order providing for automatic abatement of child support if children fail to visit as scheduled reversed on cross-appeal September 12, 1990

In the Matter of the Marriage of

Randell L. PAGE,
*Appellant - Cross-Respondent,*
*and*

Janice C. PAGE,
*Respondent - Cross-Appellant.*

(D8701-60275; CA A62006)

797 P2d 408

Douglas M. Fellows, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Susan E. Watts, Portland, argued the cause for respondent - cross-appellant. With her on the brief were Jack L. Kennedy and Kennedy, King & Zimmer, Portland.

Before Newman, Presiding Judge, and Deits and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

The parties' marriage was dissolved in June, 1988. In April, 1989, husband moved to terminate or reduce his spousal support, establish a visitation schedule and obtain an automatic abatement of child support for six months should the children not be delivered for scheduled visitations. Husband appeals from the court's order denying modification of his spousal support obligation and awarding wife attorney fees and costs. Wife cross-appeals from the court's order providing for an automatic abatement of child support if the children fail to visit husband as scheduled. We affirm on appeal and reverse on cross-appeal.

After the dissolution, husband, a physician, sold his medical practice in Oregon and, on July 5, 1989, began practicing in a clinic in Nampa, Idaho. In the dissolution proceeding, the court had found that husband's annual income from his medical practice was approximately $90,000. His salary at the clinic in Idaho is $70,000 per year, plus 40 percent of "production" over $175,000.[1] At the time of the hearing, husband had only been working at the clinic for two weeks and could not estimate his yearly production.

In order to obtain a modification of the spousal support provisions of the judgment, husband must prove a substantial change in circumstances unanticipated at the time of the divorce. ORS 107.135; *Hadley and Hadley,* 77 Or App 295, 298-99, 713 P2d 39 (1986). Husband testified that he had sold his practice and relocated to Idaho because he "hoped [his] opportunity in Idaho would be better." Presumably that means more, not less, income. In any event, husband had only been working at the clinic in Idaho for two weeks, and his bonus could not be calculated; hence, his new annual salary could not be determined. The trial court was correct in refusing to speculate that the salary at the clinic would be lower. We also decline to speculate.

Husband makes two arguments against the award of attorney fees and costs to wife. First, he contends that the court could not award fees, because her written request relied

---

[1] "Production" appears to be defined as annual billings, not fees received.

on the wrong statute.[2] Second, he contends that the court abused its discretion in awarding fees, because her resistance to husband's requested change in visitation necessitated the hearing.

■ It is not necessary to specify the statutory basis of a request for fees when the facts asserted would provide a basis for an award of fees, the parties have fairly been alerted that attorney fees would be sought and no prejudice would result. *McCulloch and McCulloch,* 99 Or App 249, 251, 781 P2d 1240 (1989); *Attaway, Inc. v. Saffer,* 95 Or App 481, 486, 770 P2d 596, *petition for review and appeal dismissed* 308 Or 184 (1989). Husband does not address any of those points on appeal and makes no claim that he was prejudiced by wife's reference to the wrong statute. Therefore, we reject husband's argument.

■ Husband brought this proceeding only 10 months after the dissolution judgment was entered. He sought to terminate or reduce spousal support, to change visitation and to obtain a provision for an automatic abatement of child support in the event that wife interfered with visitation. He lost the spousal support claim and, as we hold below, should not have prevailed on his claim for an automatic abatement of child support. Wife agreed with husband's proposed visitation schedule, except that she thought that six weeks during the daughters' summer vacation was too long. The trial court set the summer visitation at four weeks. Under the circumstances, the trial court clearly acted within its discretion in awarding attorney fees and costs to wife.

■ On her cross-appeal, wife contends that the court should not have modified the judgment to provide for an automatic abatement of child support if the children failed to visit as scheduled. We agree.

ORS 107.431(1)(d) permits the court to terminate or modify child support when visitation is denied, if there is

"[a] showing that the parent or other person having custody of the child or a person acting in that parent or other

---

[2] Wife's written request for fees cited ORS 107.445. The correct reference is ORS 107.135(6), which provides for an award of fees and costs in a proceeding to modify the dissolution judgment.

person's behalf has interfered with or denied without good cause the exercise of the parent's visitation rights."

Husband contends that, "from the time of the separation, wife, who is a trained counselor (M.S.W.) has manipulated the children to refuse visitation with the father. Her method has been to require that the father deal directly with the children, and to support the children's refusal to visit." Husband's visitation with the children has been limited, because his 9- and 11-year old daughters have refused to visit with him and his new wife. At husband's request, in an effort to resolve the visitation difficulties, wife took the daughters to a counselor selected by husband. After eight visits, the counselor concluded that he could not help to resolve the problem. Husband also testified that he had informed wife that he would not compel her to force the daughters to visit with him.

The trial court made no findings but appears to have based this aspect of its order on the conclusion that "most mothers can convince their childen to do anything." Perhaps a parent can frequently influence the decisions of a 9- or 11-year old daughter. However, in this case, there is not sufficient evidence from which to conclude that wife has manipulated the daughters to deny husband visitation. The trial court should not have modified the judgment in respect to child suppport.

Affirmed on appeal; on cross-appeal, order providing for automatic abatement of child support if children fail to visit as scheduled reversed. Costs to wife.