On respondent's motion for reconsideration filed November 20, motion for reconsideration allowed; opinion (115 Or App 697, 839 P2d 760 (1992)) modified and adhered to as modified; affirmed February 3, 1993

In the Matter of the Marriage of

Karen Jo HOGUE,
*Respondent,*

*and*

James S. HOGUE,
*Appellant.*

STATE ex rel Karen Jo HOGUE,
*Respondent,*

*v.*

James S. HOGUE,
*Appellant.*

(C88-0813-ST; CA A71349)

846 P2d 422

Gary E. Rueppell and Bayless, Murphy & Stiner, Portland, for motion.

Steven K. Chappell and Hendrix & Chappell, Bend, *contra.*

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Wife has moved for reconsideration of our decision reversing the award of attorney fees to her. We grant the motion, modify our opinion and affirm the trial court's judgment in its entirety.

In this contempt proceeding, wife sought attorney fees from husband. The court held husband in contempt and awarded attorney fees to wife. We vacated the award because, in her motion, wife failed to cite ORS 107.445,[1] which authorizes a fee award in a contempt proceeding. 115 Or App 697, 839 P2d 760 (1992). We relied on ORCP 68C(2)[2] and *Moreau and Moreau*, 87 Or App 202, 741 P2d 932 (1987), *on recon* 89 Or App 563, 749 P2d 1232 (1988).

Wife contends that her motion to hold husband in contempt requested an attorney fee award and stated facts that justified a fee award under ORS 107.445. Husband responds that wife's fee claim is based on a statute, not on facts that would entitle her to fees independent of the statute. According to husband, if a statute or rule authorizes a fee award, the pleading of the party seeking the award must cite the statute or rule to comply with ORCP 68C(2).

Our reliance on *Moreau and Moreau, supra,* was misplaced. *Moreau* followed *Dept. of Human Resources v. Strasser*, 83 Or App 361, 732 P2d 38 (1987), which held that, under ORCP 68C(2), a prevailing party must allege the statutory basis for an award of attorney fees. However, we overruled *Strasser* in *Attaway, Inc. v. Saffer*, 95 Or App 481, 486, 770 P2d 596, *petition for review and appeal dismissed*

---

[1] ORS 107.445 provides, in part:

"In any proceeding brought under ORS 107.095, 108.110 and 108.120, and in any contempt proceeding brought to compel compliance with any order or decree in any suit for marital annulment, dissolution or separation, the court may make an order awarding to a party, or directly to the party's attorney, a sum of money determined to be reasonable as an attorney fee at trial and on appeal therein."

[2] ORCP 68C(2) provides:

"A party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection."

308 Or 184 (1989). The correct rule is stated in *Page and Page*, 103 Or App 431, 434, 797 P2d 408 (1990):

> "It is not necessary to specify the statutory basis of a request for fees when the facts asserted would provide a basis for an award of fees, the parties have fairly been alerted that attorney fees would be sought and no prejudice would result."

*See also McCulloch and McCulloch*, 99 Or App 249, 251, 781 P2d 1240 (1989). Wife satisfied the rule. Her motion stated facts showing that husband was in contempt and requested an award of attorney fees. ORS 107.445 authorizes a fee award to the prevailing party in a contempt proceeding. Husband makes no claim, nor could he claim, that he would be prejudiced by the failure to specify the basis for the award. The court was authorized to award attorney fees to wife under ORCP 68C(2).

We make explicit what was implicit in *Attaway, Inc. v. Saffer: Moreau and Moreau* is overruled.

Husband also argues that the fee award is not supported by evidence and that the court failed to consider the relative ability of the parties to pay attorney fees. We review the trial court's decision to award fees for abuse of discretion. *Richardson and Richardson*, 307 Or 370, 385, 769 P2d 179 (1989). We have reviewed the record in the light of husband's arguments and conclude that the court did not abuse its discretion.

Motion for reconsideration allowed; opinion modified and adhered to as modified; affirmed. Costs to wife.