TVKO,
a subdivision of Home Box Office,
a division of Time Warner Entertainment Company, L.P.,
a Delaware limited partnership,
*Plaintiff,*

*v.*

Leron R. HOWLAND,
Superintendent of the Oregon Department of State Police;
Adolfo Akil,
Member of the Oregon State Boxing
and Wrestling Commission;
Arthur W. Crews,
Member of the Oregon State Boxing
and Wrestling Commission;
Frank J. Pedrojetti,
Member of the Oregon State Boxing
and Wrestling Commission;
F. Louis Rios, M.D.,
Member of the Oregon State Boxing
and Wrestling Commission;
and Gregory A. Smith,
Member of the Oregon State Boxing
and Wrestling Commission,
*Defendants.*

(TC 4445)

James E. Mountain, Jr., Harrang, Long, Gary, Rudnick, Salem, Bernard Nash and Maria Colsey Heard, Dickstein, Shapiro, Morin & Oshinsky, Washington D.C., filed the motion for Plaintiff (taxpayer).

Stephen K. Bushong, Assistant Attorney General, Department of Justice, Salem, filed the response for Defendant (the department).

Decision rendered March 21, 2002.

**CARL N. BYERS, Senior Judge.**

This matter is before the court on Plaintiff (TVKO) TVKO's Motion for an Award of Attorneys' Fees and Costs under TCR 68.[1] Defendants filed written objections.

## FACTS

In 1999, TVKO, a subdivision of Home Box Office, telecast a program that included a heavyweight boxing match held in New York City. TVKO distributed the program to cable operators, including operators in Oregon, for transmission on a pay-per-view basis. Defendants asserted that TVKO was subject to ORS chapter 463[2] and assessed a gross-receipts tax of $14,450.46. TVKO objected and filed a Complaint in the Oregon Tax Court seeking a declaratory judgment that ORS 463.035, ORS 463.320, and OAR 230-030.0350(2) violated the First and Fourteenth Amendments to the United States Constitution. TVKO's Complaint also sought: (1) to enjoin Defendants from enforcing those same provisions, (2) to recover its costs and attorney fees, and (3) such other relief as "the Court may deem just and proper."

The matter was submitted to the court on cross-motions for summary judgment. After considering the briefs and oral arguments of the parties, the court held that it had no jurisdiction over the licensing and regulatory provisions and denied TVKO's motion as to those provisions. The court held that it did have jurisdiction over the gross-receipts tax and further held that the tax violated the First Amendment to the United States Constitution. In granting TVKO's Motion for Summary Judgment in part, the court awarded costs "to neither party."

## ANALYSIS

*Agency Actions*

TVKO's motion seeks an award of attorney fees on two grounds: (1) ORS 182.090 (1999) and (2) the court's inherent equitable powers.

---

[1] Although this matter is pending on review in the Oregon Supreme Court, this court retains jurisdiction to decide requests for attorney fees. *See* ORS 19.270(1)(a).

[2] Unless otherwise noted, all references to the Oregon Revised Statutes are to 1997.

ORS 182.090(1) provides:

"In any civil judicial proceecing involving as adverse parties a state agency, as defined in ORS 291.002, and a petitioner, the court shall award the petitioner reasonable attorney fees and reasonable expenses if the court finds in favor of the petitioner and also finds that the state agency acted without a reasonable basis in fact or in law."

TVKO asserts that Defendants acted without a reasonable basis in fact or law because the gross-receipts tax on its face violated the United States Constitution. TVKO reaches that conclusion in part because "virtually identical statutes" had been declared unconstitutional in California and Georgia.

Defendants oppose the motion with regard to ORS 182.090 on two separate grounds. The first is that TVKO did not comply with TCR 68. That rule "governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees * * *."[3] TCR 68 C(1). TCR 68 C(2)(a) provides:

"Alleging Right to Attorney Fees. A party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover such fees accrues. *No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection.*" (Emphasis added.)

TCR 68 C(2)(a) is identical to ORCP 68 C(2)(a). Therefore, the court will give the Tax Court Rule the same construction as the Oregon Rules of Civil Procedure (ORCP).[4]

■■ As indicated, ORCP 68 C(2)(a) requires a party to allege the facts, statute, or rule that provides the basis for recovering attorney fees. The purpose of the rule is to give the opposing party notice of all of the requesting party's claims, enabling the opposing party to respond appropriately. *Attaway, Inc. v. Saffer*, 95 Or App 481, 770 P2d 596 (1989). In

---

[3] Subject to three exceptions not applicable here.

[4] Because ORS 305.425(3) requires the rules of the Tax Court to conform "as far as practical to the rules of equity practice and procedure in this state," the Tax Court rules are based on, if not identical to, the ORCP and construed consistent with the ORCP as much as possible.

construing the rule, the Court of Appeals has determined, that:

> "It is not necessary to specify the statutory basis of a request for fees when the facts asserted would provide a basis for an award of fees, the parties have fairly been alerted that attorney fees would be sought and no prejudice would result." *Page and Page,* 103 Or App 431, 434, 797 P2d 408 (1990) (citations omitted).

There does not appear to be a need to even identify or associate the facts with the claim for attorney fees; it is enough that the facts are alleged. *Hogue and Hogue,* 118 Or App 89, 846 P2d 422 (1993).

In this case, TVKO claims it complied with the rule. The court agrees. TVKO's Complaint alleged that:

> "Defendants' enforcement of §§ 463.035 and 463.320 of the Boxing Statute and Rule 230-030-0350(2) of the Oregon Administrative Rules is without a reasonable basis in law and is contrary to the public interest in the fundamental protections of the First and Fourteenth Amendments."

TVKO also alleged that the state had no compelling or important state interest that would support imposition of the burdens on free speech. The complaint sought declaratory and injunctive relief and expressly requested costs and attorney fees.

By requesting an award of attorney fees, TVKO placed Defendants on notice that a claim would be made. Defendants were then obligated to ask themselves on what basis such a claim could be made. Knowing that the basis for the claim must be contained within the Complaint, they would examine it and realize that it alleges they had acted unreasonably. They would also know, or are presumed to know, that if they had acted unreasonably, they could become liable for attorney fees under ORS 182.090. Therefore, considering TVKO's Complaint as a whole, the court finds that it alleged facts that provide a basis for awarding attorney fees under ORS 182.090. The court also finds that Defendants were "fairly alerted" that attorney fees would be sought and no prejudice would result if attorney fees are awarded.

Accordingly, the court finds that TVKO complied with TCR 68 C(2).

As a second ground for opposing an award of attorney fees under ORS 182.090, Defendants assert that they did not act unreasonably. Whether an agency has acted unreasonably depends upon the circumstances. In *SAIF v. Harris*, 69 Or App 736, 738, 687 P2d 1119 (1984), the Court of Appeals indicated that to recover attorney fees under ORS 182.090, the party must show that " 'a reasonable agency would not have so acted' or * * * 'so construed the law.' " (Citation omitted.) There the agency had sought to recover funds that had been paid out in error. The court did not find the agency acted unreasonably for bringing an action to recover money wrongfully paid. Also, if the status of the law being administered is uncertain, the agency will not be found to have acted unreasonably. *See Simpson v. State of Oregon*, 94 Or App 15, 21-22, 764 P2d 580 (1988).

Here, the only issue was a legal issue. Defendants maintain that whether the statutes and rule in question were unconstitutional was not certain. Defendants argue that there was no binding federal decision and a state agency is not authorized to question or act contrary to the policies of the legislature as found in the statutes. Defendants state:

> "* * * Agencies are not in a position to judge the constitutionality of the legislature's policy choice and requiring them to do so would place an unreasonable burden on agencies, not to mention the potential separation of powers concerns such a requirement could create."

Defendants overstate the inhibitions that restrain an agency relative to constitutional challenges. Agencies do have authority to question the constitutionality of a statute. In *Nutbrown v. Munn*, 311 Or 328, 346, 811 P2d 131 (1991), the Oregon Supreme Court stated, in part:

> "* * * Although it is an authority to be exercised infrequently, and always with care, Oregon administrative agencies have the power to declare statutes and rules unconstitutional." (Citations omitted.)

Agencies are obligated to follow the established higher law. *Schultz v. Springfield Forest Products,* 151 Or App 727, 730-31, 951 P2d 169 (1997). Also, administrative agencies have a duty to construe laws and to consider whether higher review can be obtained by anyone if the agency declares a law unconstitutional in error. *Cooper v. Eugene Sch. Dist. No. 4J,* 301 Or 358, 364-65, 723 P2d 298 (1986). As expressed in *Employment Div. v. Rogue Valley Youth for Christ,* 307 Or 490, 495, 770 P2d 588 (1989), an agency:

> "* * * [m]ust administer the law in accordance with constitutional principles, and must enforce its statutory obligations. If a statute tells an agency to do something that a constitution forbids, the agency should not do it." (Citations omitted.)

The circumstances in this case do not indicate that Defendants acted unreasonably. TVKO's Complaint asserted that a broad federal constitutional provision rendered two relatively narrow state statutes and a rule unconstitutional. Legal counsel for TVKO met with the Attorney General for Oregon. TVKO based its position upon two federal district court decisions involving similar statutes in other states and its interpretation of United States Supreme Court decisions involving other kinds of acts. The Attorney General disagreed, indicating that the California federal district court decision was in error and noting that there were differences between the California statute and the Oregon statute. The Attorney General advised Defendants to continue to enforce the statutes and rule. TVKO therefore concluded that it must file suit in order to obtain relief.

TVKO does not assert that the Attorney General acted in bad faith. Whether the Attorney General was correct in his assessment of the law, Defendants cannot be said to have acted unreasonably when they followed his advice. State officers are entitled to follow the opinion of the Attorney General and, when acting in good faith, will be protected, even though that opinion may be in error. *State ex rel. v. Mott,* 163 Or 631, 640, 97 P2d 950 (1940); *see also Bear Creek v. Hopkins,* 53 Or App 212, 216-18, 631 P2d 808 (1981).

*Equitable Powers*

TVKO also claims entitlement to attorney fees under the court's inherent equity powers. TVKO asserts that it acted to vindicate the First Amendment rights of everyone affected by the gross-receipts tax and that it entirely prevailed because Defendants will no longer attempt to enforce the tax or the licensing or notice requirements on TVKO or others.

■     The general "American" rule is that a court has no authority to award attorney fees in the absence of a statute or agreement. *See, e.g., Beaver v. Davis*, 275 Or 209, 550 P2d 428 (1976). An exception is made for extraordinary cases. For instance, the Oregon Supreme Court has approved the awarding of attorney fees under the inherent equity powers of the court where: (1) the requesting party sought to maintain or preserve individual liberties, and (2) it would be unfair for that party to bear the cost of litigation when the benefits of the litigation "flow equally to all members of the public." *Deras v. Myers*, 272 Or 47, 66, 535 P2d 541 (1975).

In *Dennehy v. Dept. of Rev.*, 308 Or 423, 781 P2d 346 (1989), the Oregon Supreme Court found that the Tax Court had erred in awarding attorney fees under its equitable powers. In that case, although the plaintiff prevailed and obtained benefits for all taxpayers, the Supreme Court found that the facts and circumstances did not qualify under the *Deras* principle. *See id.* at 427-28. The Supreme Court found that the case did not qualify because the plaintiff had a pecuniary interest in the outcome "(*albeit*, a very small one)," the case was an action at law, and no equitable relief was sought. *Id.* at 428. The Supreme Court observed that the Tax Court was granted limited and circumscribed authority to award attorney fees in certain cases. *Id.* However, it later clarified its observation in *Dennehy v. City of Gresham*, 314 Or 600, 841 P2d 633 (1992), that the limitation on the court's exercise of its equitable powers was based on the facts and not on statutory authority.

The most recent case handed down by the Oregon Supreme Court awarding attorney fees under a court's equitable power is *Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998). There, the court set forth that the three conditions for

awards under the *Deras* principle, are: (1) "the proceeding must be one in equity," (2) "the party requesting attorney fees must be the prevailing party," and (3) "the party requesting attorney fees must have been seeking to 'vindicat[e] an important constituti,nal right applying to all citizens without any gain peculiar to himself.'" *Armatta*, 327 Or at 287 (citations omitted).

■     It is the element of self interest that disqualifies TVKO here. TVKO contested licensing and tax provisions that only apply to those who promote a boxing or wrestling match. The benefits of the court's decision flow largely to TVKO and other members of its industry, while the public is only indirectly benefitted. Such circumstances are similar to those in *Vannatta v. Keisling*, 324 Or 514, 931 P2d 770 (1997) where the petitioners succeeded in having declared unconstitutional an initiative measure that limited political contributions and expenditures. There, the court declined to award attorney fees under *Deras* because, although the decision might benefit many members of the public at large, "[p]etitioners such as the political action committee and the potential political candidate have individualized and different interests that they seek to vindicate." *Id.* at 549. If the interest that a litigating party seeks to vindicate is "individualized," "peculiar," or "pecuniary," it will not qualify as the type of interest justifying an award of attorney fees under the *Deras* principle. *See Armatta*, 327 Or at 288. Accordingly, TVKO is not entitled to an award of attorney fees under the court's inherent equitable powers. Having determined that TVKO has not established a basis for being awarded attorney fees under either ORS 182.090 or the court's inherent equitable powers, its motion for attorney fees must be denied. Now, therefore,

IT IS ORDERED that Plaintiff TVKO's Motion for an Award of Attorneys' Fees and Costs is denied.