Argued and submitted July 17, award of attorney fees vacated, otherwise affirmed
September 2, 1987

In the Matter of the Marriage of

MOREAU,
*Appellant,*
*and*

MOREAU,
*Respondent.*

STATE ex rel MOREAU,
*Respondent,*

*v.*

MOREAU,
*Appellant.*

(D83-10-67217; CA A41387)

741 P2d 932

Thomas W. Sondag, Portland, argued the cause for appellant. With him on the brief were Richard S. Borst and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Gerritt J. VanKommer, Hillsboro, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Wife appeals from two orders which modify, with respect to husband's visitation rights, the judgment dissolving the parties' marriage. The first denies wife's motion for modification, grants, in part, father's cross-motion for modification and awards him attorney fees in the sum of $1,000. It also grants husband's motion to hold wife in contempt for failing to abide by the visitation provisions of the original decree. The second order, issued after both parties had again moved to modify the original decree with respect to visitation, similarly grants, in part, husband's motion, denies wife's motion and awards husband an additional $3,000 in attorney fees. Wife contends, *inter alia,* that the trial court erred in awarding attorney fees to husband.

ORCP 68C[1] requires that a party allege the facts, statute or rule which entitles it to recover attorney fees. If that is not done, attorney fees may not be awarded. ORCP 68C(2); *Dept. of Human Resources v. Strasser,* 83 Or App 361, 732 P2d 38 (1987). ORS 107.135(4) provides the statutory authority for awarding attorney fees in a proceeding to modify a decree of dissolution. ORS 107.455 authorizes attorney fees in a contempt proceeding to compel compliance with a dissolution

---

[1] ORCP 68C provides, in part:

"Notwithstanding Rule 1 A. and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees, except where:

"C.(1)(a) ORS 105.405(2) or 107.105(1)(i) provide the substantive right to such items; or

"C.(1)(b) Such items are claimed as damages arising prior to the action; or

"C.(1)(c) Such items are granted by order, rather than entered as part of a judgment.

"C.(2)    A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. A party shall not be required to allege a right to a specific amount of attorney fees; an allegation that a party is entitled to 'reasonable attorney fees' is sufficient. If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be asserted by a demand for attorney fees in such motion, in substantially similar form to the allegations required by this subsection. Such allegation shall be taken as substantially denied and no responsive pleading shall be necessary. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection."

decree. Husband cited neither statute in any pleading in the record before us before entry of the respective orders. Accordingly, we vacate the awards of attorney fees with respect to both proceedings.

Awards of attorney fees in the amount of $1,000 and $3,000 vacated; otherwise affirmed. Costs to wife.