On respondent's petition for reconsideration filed October 1, 1987, reconsideration granted, $3,000 fee award affirmed and former opinion (87 Or App 202, 741 P2d 932 (1987)) otherwise adhered to February 10, 1988

In the Matter of the Marriage of

MOREAU,
*Appellant,*

*and*

MOREAU,
*Respondent.*

STATE ex rel MOREAU,
*Respondent,*

*v.*

MOREAU,
*Appellant.*

(D83-10-67217; CA A41387)

749 P2d 1232

Gerritt J. VanKommer, Hillsboro, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

This case comes to us on father's motion for reconsideration of our previous opinion, 87 Or App 202, 741 P2d 932 (1987), where we reversed the trial court's awards of $1000 and $3000 attorney fees to father; the record before us did not show that he had complied with ORCP 68C by citing the statute or rule entitling him to fees in pleadings before entry of the relevant orders. Father moves for reconsideration and contends that he had filed such pleadings but that they were omitted from the record sent to us by the trial court, which has now sent them.

Nothing in that material is relevant to the $1000 award; that portion of our previous decision stands. However, father did properly raise a claim for the $3000 award. We review an award of attorney fees under ORS 107.135(4)[1] only for abuse of discretion. *Barron and Barron,* 85 Or App 278, 283, 736 P2d 583 (1987). The trial court considered the financial circumstances of the parties, the relative responsibility of the parties for the litigation and their relative success. There was no abuse of discretion. Accordingly, we affirm the trial court as to the $3,000 attorney fee award.

Reconsideration granted; $3,000 fee award affirmed; former opinion otherwise adhered to.

---

[1] Since the trial court's decision in this case, ORS 107.135(4) has been amended and reinstated as ORS 107.135(6). Or Laws 1987, ch 885, § 3. That change is not relevant to this appeal.