Argued and submitted January 27, affirmed as modified on appeal; affirmed on
cross-appeal May 3, 1989

In the Matter of the Marriage of

KNOX,
*Respondent - Cross-Appellant,*
*and*

KNOX,
*Appellant - Cross-Respondent.*
(15-87-07193; CA A48833)

772 P2d 949

Michael P. Kearney, Eugene, argued the cause and filed the briefs for appellant - cross-respondent.

A. Dean Owens, Eugene, argued the cause and filed the brief for respondent - cross-appellant.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Wife appeals those portions of the dissolution judgment fixing the amounts of both temporary and permanent spousal support. Husband cross-appeals, seeking elimination of permanent spousal support and challenging the award of attorney fees to wife. We review *de novo.*

The trial court awarded wife $500 per month spousal support for 36 months, $250 per month permanent spousal support thereafter and assets of $26,528. Because the assets include the family home, which wife will have to sell, her net award will be reduced by the sale costs. Husband was awarded assets of $14,531 and was ordered to pay $300 per month child support for each of their two children, ages 16 and 17, who were to live with wife.

The parties were married for 20 years. Both were 40 at the time of the dissolution. Husband has been employed as an undertaker with the same employer for the past 11 years. His net earnings are $28,800 and are expected to continue to increase regularly. Wife's net earnings are $5,700. Husband is in good health. The court found wife to have poor health that directly interferes with her ability to work full-time or in a stressful part-time job and would "prohibit her from being fully employed for the forseeable future." It also found that she is essentially untrained, except for general clerical work, and would need reeducation or training to rise above entry level clerical work. The award of the greater share of the marital assets to wife was intended to allow her to engage in training or education.

Considering the length of the parties' marriage, the health of the parties and their relative job skills, we conclude that permanent spousal support is appropriate. ORS 107.105(1)(d); *Vinson and Vinson,* 83 Or App 487, 732 P2d 79, *rev den* 303 Or 332 (1987). Considering husband's current income and ability to earn, we conclude that the initial $500 per month award ordered by the trial court is too low. Even after deducting husband's spousal and child support obligations, his net income would be $15,600, or nearly double wife's. The goal in a marriage dissolution proceeding is to permit each party to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage. *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or

769, 572 P2d 1320 (1977); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974). In a long term marriage, the wife should not be left with an income that is disporportionately small compared with that of the husband. *Wann and Wann,* 85 Or App 480, 737 P2d 151 (1987). Although the "not overly disproportionate" standard does not require that each party have the same income, the disparity in this case would clearly leave wife economically disadvantaged relative to husband and at a standard of living significantly lower than that enjoyed by the parties during the marriage.

Further, we do not believe that the decrease in wife's spousal support award after 36 months is supported by the court's own findings. The court awarded her the long share of the assets so she could attempt to improve her earning capacity. At the same time, it found that her medical problems would prohibit her from being fully employable in the foreseeable future. We agree that wife should be encouraged and afforded the means to try to attain greater econonomic self-sufficiency and that so-called "step-down" support awards are appropriate when the facts indicate a foreseeable increase in economic self-sufficiency. *Grove and Grove, supra,* 280 Or at 353. Because the likelihood that she will be successful appears slight, however, an automatic decrease in her spousal support payments in three years is not indicated. Consequently, we modify the spousal support award to $700 per month permanently.

On appeal, judgment modified to award wife $700 per month permanent spousal support and affirmed as modified; affirmed on cross-appeal. Costs to wife on appeal; no costs on cross-appeal.