Argued and submitted April 15, 1991, affirmed January 22, 1992

In the Matter of the Marriage of

Richard J. WAND,
*Appellant,*

*and*

Susan K. WAND,
*Respondent.*

(87-02114; CA A65893)

824 P2d 1181

Richard D. Cohen, Milwaukie, argued the cause and filed the brief for appellant.

Charles D. Gazzola, Portland, argued the cause for respondent. On the brief were Angela L. Kane and Stahancyk & Associates, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## DEITS, J.

Father appeals from a judgment modifying his child support obligation. He argues that the trial court erred in applying the Uniform Child Support Guidelines, ORS 25.270 to ORS 25.285, in ordering a step increase based on father's earning potential and in refusing to grant a reduction in child support retroactive to the date when he filed his motion. We affirm.

The parties had been married 16 years when the dissolution judgment was entered in September, 1987. Mother received custody of the parties' two minor daughters. Father's child support obligation was $100 per month per child. In September, 1988, mother moved to have the child support obligation increased. Before a hearing was held, the parties stipulated to an increase in the support obligation to $250 per month per child.

In June, 1989, three months after the stipulation was entered, father sought to have his child support obligation reduced, based on what he alleged was a substantial change in circumstances. The trial court found that there had been a "material change of circumstances" in father's economic position but that he was, nevertheless, "fully capable of potentially earning $35,000 per year." The trial court ordered father to pay $150 per month per child beginning November 1, 1989, $200 per month per child beginning June 1, 1990, and $250 per month per child beginning October 1, 1990.

At the time of the dissolution, father was employed as a construction superintendent. In 1988, his gross income was approximately $35,000 per year. However, in November, 1988, he quit his job, because he anticipated that his position was going to be eliminated and he believed that he would do better contracting his own jobs. At that time, he had three short-term contracts that expired in December, 1988. In January, 1989, he began receiving $950 per month in unemployment benefits. He received unemployment compensation until July, when his business started improving. During the seven months that he was unemployed, he sent out only three resumes. At the time of the hearing in March, 1990, he

testified that his average monthly earnings were $1,100 per month.

■ Father first argues that the trial court's initial award of $300 per month for both children is in error, because the child support guidelines "clearly provide for a child support judgment of a lesser amount." He asserts that, under the guidelines, the award should be only $187 per month for both children, because he is a "low income noncustodial parent." *Former* OAR 137-50-480. Alternatively, he contends that it should be $248 per month for both children under the general scale. OAR 137-50-490.[1]

The trial court found father's earning potential to be $35,000 per year, which is approximately $2,900 per month. Under OAR 137-50-320,[2] potential income may be considered in determining gross income for guideline purposes. We agree with the trial court's conclusion that father's gross income was $35,000 per year. In order to qualify as a "low income noncustodial parent," monthly income must be no more than $600-$1,400 per month. *Former* OAR 137-50-480.[3] Accordingly, the trial court did not err in refusing to calculate

---

[1] Some of the rules implementing the child support guidelines were amended, effective January 1, 1991, and March 1, 1991, but the amendments are not applicable in this case.

[2] OAR 137-50-320 then provided, in part:

"(2) 'Gross income' means:

"(a) The gross income of the parent calculated pursuant to Rule 137-50-340 and 137-50-350;

"(b) The potential income of the parent calculated pursuant to Rule 137-50-360 in certain cases where the parent is unemployed or underemployed; or

"(c) A combination of gross income and potential income as calculated under subsections (a) and (b) of this section."

[3] OAR 137-50-480 then provided, in part:

"(1) When a noncustodial parent's adjusted gross income is between $600-$1,400 per month, the amount of the support order to be paid by that parent shall first be calculated by each of the two methods set down in subsections (a) and (b) of this section.

"* * * * *

"(2) The lesser of the two amounts calculated pursuant to this Rule shall be presumed to be the minimal [*sic*] amount to be ordered. However, in making the final order, the Administrator, the Hearings Officer or the Court shall consider the criteria set forth in 137-50-330(2)."

father's support obligation as a "low income noncustodial parent."

■      We also conclude that father was not entitled to a decrease in the amount of child support. Calculating his support obligation on a gross income of $2,900 per month and considering mother's income of $2,000 per month, the parents' combined obligation to the children under the guidelines is $1,017. Father's proportionate share is $602 per month for both children. Father is not correct that, under the guidelines, he is entitled to a child support obligation of less than the $300 per month that the trial court awarded.[4]

■      Father next assigns as error the trial court's decision to order $100 step increases every six months, up to a maximum of $500 per month for both children. He argues that the trial court improperly found his earning potential to be $35,000 per year. Mother contends that he had the capability of earning the same salary that he earned before he quit his job. Father is a skilled artisan, who admitted at trial that there were jobs in the construction industry for which he was qualified. As we have said, father's potential income is $35,000 per year. The step increases in his support obligation are permissible and are not in excess of the amount of support allowable under the guidelines.

■      Next, father argues that the trial court erred in failing to make the change in the support award effective on the date he moved for modification. The trial court made the reduction retroactive for only four months, noting that the long delay in setting the trial date was attributable to neither party entirely and that it would be fair to split the delay between the two. We conclude that the effective date for the modification set by the trial court was proper.

■      Finally, father argues that the trial court erred in granting mother $500 attorney fees. The award of fees was within the discretion of the trial court. *Moreau and Moreau*, 89 Or App 563, 564, 749 P2d 1232 (1988). The trial court did not abuse its discretion.

Affirmed. Costs, not including attorney fees, to mother.

---

[4] Mother does not argue that she is entitled to more support under the guidelines.