Argued and submitted November 25, 1991, reversed and remanded with instructions
May 13, 1992

In the Matter of the Marriage of

Larry Allen SANDLIN,
*Respondent,*

*and*

Kathleen Alice SANDLIN,
nka Kathleen Alice Sandlin Rawls,
*Respondent below,*

*and*

Nikki Lynn SANDLIN,
*Appellant.*

(6206; CA A68427)

831 P2d 64

Valerie B. Doherty, Heppner, argued the cause and filed the brief for appellant.

Robert W. Collins, Jr., Pendleton, argued the cause for respondent. With him on the brief was Collins & Collins, Pendleton.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Child appeals a trial court order modifying a dissolution judgment to terminate father's child support obligation. *See* ORS 107.108(3).[1] She argues that the court erred in finding that she is not a "child attending school" within the meaning of ORS 107.108(4) and in finding that her involvement in an unmarried "adult conjugal relationship with a man" disqualifies her from receiving child support. On *de novo* review, we reverse.

The marriage of child's parents was dissolved in 1980. The dissolution judgment awarded custody of two children to mother and required father to pay $125 per month for each. In 1986, the judgment was modified to increase father's monthly support obligation to $200 per child. In 1989, when child turned 18, father obtained an order allowing him to pay his support obligation directly to her. Several months later, father moved to terminate his obligation, arguing that child was employed and, although not legally married, was living in an adult conjugal relationship with a man who was also employed. The trial court issued a memorandum opinion, in which it concluded that

> "[child] is an adult and is totally emancipated. In the opinion of this Court she is not enrolled in school to the extent that this Court feels is necessary to be within the meaning of [ORS 107.108(4)]. * * *
>
> "[Child] is living openly with a man in a relationship which resembles marriage and if [she] were married at this time this proceeding would not be heard. This Court cannot over-emphasize its disapproval of a man and woman living this meretricious relationship and still request parental support. I do not condone this conduct and will not dignify such conduct by requiring a parent to give further support."

The court then entered an order terminating support, concluding that

> "the child * * *, being over the age of 18 years and living in an adult conjugal relationship with a man who is her fiance, who

---

[1] ORS 107.108(3) provides:

"If the court provides for the support and maintenance of a child attending school pursuant to this section, the child is a party for purposes of matters related to that provision."

is a college graduate and employed full-time, and [child] being herself employed part-time, the Court finds that [child] does not require the support of Petitioner and does not otherwise qualify for support under ORS 107.108."

■ Father concedes that child is enrolled in a community college where she is taking sufficient credit hours to qualify as a "child attending school" within the meaning of ORS 107.108(4).[2] However, he argues that child is, nonetheless, disqualified from receiving child support because she is not "unmarried," as required by the statute. Father contends that because child, though not legally married, has assumed a marital lifestyle, she is disqualified under the statute. The argument is without merit. To be eligible to receive support payments under ORS 107.108(4), a child must be between 18 and 21 years old, a full-time student and unmarried. Because child fulfills all of those requirements, the trial court erred in concluding that she is not a "child attending school."

Child also argues that the court erred in concluding that she is "totally emancipated," because she has assumed a lifestyle of which father and the court disapprove and, therefore, which indicates that she is no longer under the custody and control of her parents. We agree with child that the concept of emancipation is irrelevant, because she is over 18 years old and is attending school full-time, and that father's disapproval of her lifestyle does not constitute a ground for a termination of support. *See Miller and Miller*, 62 Or App 371, 374-76, 660 P2d 205 (1983).

■ Father argues that the trial court properly found, as stated in its order, that child no longer requires support from father. On *de novo* review of the record, we hold that the evidence leads to a different conclusion. The court relied on

---

[2] ORS 107.108 provides, in part:

"(1) In addition to any other authority of the court, the court may enter an order against either parent, or both of them, to provide for the support or maintenance of a child attending school:

"* * * * *

"(4) As used in this section, 'child attending school' means a child of the parties who is unmarried, is 18 years of age or older and under 21 years of age and is a student regularly attending school, community college, college or university * * *. A child enrolled in an educational course load of less than one-half that determined by the educational facility to constitute 'full-time' enrollment is not a 'child attending school.' "

both the earnings of child and of her boyfriend, and it treated the situation as a marital relationship where finances are commingled. The undisputed evidence indicates otherwise. Because child attends school full-time, she is employed half-time during the school year and full-time only during vacations. She estimates her minimum monthly living expenses — not including school costs — at $480, but she earns only about $380 per month. She shares living expenses equally with her boyfriend, and they do not maintain any joint bank accounts or commingle their finances. A marriage establishes legal relationships and obligations that do not exist in a non-marital situation such as this. The boyfriend's earnings are irrelevant to the determination of whether child continues to require father's financial assistance, as long as she is otherwise qualified, and the court erred in considering his earnings. The evidence in the record shows that child continues to need child support. The trial court erred in terminating father's child support obligation.

Reversed and remanded with instructions to reinstate monthly child support obligation of $200 and to enter a judgment for arrearages accrued since July, 1990. Costs to child.