Argued and submitted February 19, judgment modified in part; otherwise affirmed
June 24, 1992

In the Matter of the Marriage of

Julianne Christine WIEBE,
*Respondent,*
*and*

Ronald Dudley WIEBE,
*Appellant.*

(90C-30002; CA A71058)

833 P2d 333

Edward L. Daniels, Albany, argued the cause and filed the brief for appellant.

Russell Lipetzky, Salem, argued the cause for respondent. With him on the brief was Saucy & Lipetzky, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

.

## RIGGS, J.

Husband appeals a dissolution judgment that required him to pay college expenses for the parties' two minor children. He argues that the trial court was without the authority to impose such an obligation. We modify the judgment.

In addition to husband's child support obligation, the trial court required husband to

"pay for not less than four years of college education for [the parties' minor children].

"* * * * *

"The obligation to pay for a child's college education is in addition to and is not limited by any statutory provision regarding the payment of child support, including the provisions of ORS 107.108 or ORS 107.415. However, payments made for college expenses shall be considered a credit against the monthly support obligation due the child."

ORS 107.108 authorizes a court to order a parent to pay child support (or to continue a child support obligation) for a "child attending school" until that child is 21 years of age. The statute does not authorize a trial court to order a parent to pay college expenses in addition to child support. Neither do ORS 107.108 nor the guidelines authorize payments for "college expenses" beyond the age of 21. The guidelines also do not authorize an order for child support based on amounts which must be calculated sometime in the future when the child might decide to attend college.[1] *Former* OAR 137-50-440 provided:

"The basic child support obligation may be increased by a reasonable amount to recognize education expenses incurred on behalf of joint children."

In repealing that rule, effective January 1, 1991, the drafters stated that it was their belief that

"the basic support obligation is sufficient to provide for educational needs of the child. When that is not true, the proponent may make a showing under OAR 137-50-330(2) which may be sufficient to cause an addition to the basic

---

[1] We note that whether the children will go to college is, indeed, speculative, given their birth dates of 1980 and 1982.

support amount based on the actual needs of the child." Oregon Child Support Guidelines Commentary to OAR 137-50-440 (1991).

ORS 25.275(1)(e) includes educational needs among the criteria that must be included in the formula adopted by the Justice Department for determining the amount of a child support obligation.

The educational expenses of a child *may* justify a deviation from the presumed amount of child support provided by the guidelines, ORS 25.280; OAR 137-50-330(2), but those expenses are a part of, and not in addition to, a child support obligation and are subject to the statutory limitations of such an obligation. There is no indication in the record, or in the judgment, that the trial court adjusted husband's current child support obligation to reflect the requirement that he pay college expenses. Had it done that, which it had no authority to do, it would be necessary to remand for recalculation of the child support order.

Husband's other assignments do not merit discussion.

Judgment modified by deleting husband's obligation to pay college expenses; otherwise affirmed. Costs to husband.