481 .

Argued and submitted November 22, 1991, judgment modified; otherwise affirmed
August 5, 1992

In the Matter of the Marriage of

Deborah Kay ROBERTSON,
*Appellant,*
*and*

Edwin Owen ROBERTSON,
*Respondent.*

(C89-1062DR; CA A66840)

836 P2d 149

Janis L. Hardman, Portland, argued the cause for appellant. With her on the brief was Ivan M. Karmel, Portland.

Bernard B. Brink, Hillsboro, argued the cause for respondent. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Wife appeals from a dissolution judgment. At issue are spousal support, the division of marital property and attorney fees. We modify the judgment.

The judgment dissolving this 12-year marriage was entered in September, 1990. The parties have two children, ages 7 and 9. Custody was granted to father. Wife is 32 years old and has a ninth grade education. During most of the marriage, she was a homemaker. In 1985, she began a part-time housecleaning business. Her gross earnings in 1988 were approximately $12,000. In 1989, she earned about $9,000. After the breakup of the marriage, wife's earnings declined to approximately $600 per month. She has been hospitalized for psychiatric treatment and is currently receiving counseling for problems relating to the breakup of the marriage. Husband is 34 years old. He has one year of college and a professional certification in materials handling. He has been steadily employed and is currently earning a gross income of approximately $2,800 per month.

In 1983, the parties purchased a home for $49,900. Wife provided the down payment of $4,600 and closing costs from an inheritance. She also provided the money to refinance the house in 1988. Both parties contributed to the mortgage payments. A bank appraisal made at the time of the refinancing valued the house at $45,000. The tax assessed value in 1990 was $51,950. The outstanding balance on the mortgage is $45,080.

The trial court ordered husband to pay spousal support of $200 per month for two years. It found that wife was capable of earning $1,200 per month, but that that amount was not likely to increase in the foreseeable future. The court did not order wife to pay any child support. As part of the property division, it awarded the family home to husband. The trial court gave husband approximately $53,000 in assets, including the family home, and wife approximately $13,000. Husband also was assigned most of the parties' liabilities.

■ Wife first assigns as error the trial court's award of spousal support. She contends that the award is unjust and that the court erred in finding her earning potential to be

$1,200 per month, because it failed to take into account her long absence from the job market, her lack of education, her limited earning potential and her failing emotional health. She also argues that the trial court's award would allow husband a disproportionately higher standard of living than she will have and does not allow her to maintain the standard of living that she enjoyed during the marriage.

The purpose of spousal support awards is to permit each party to achieve an economic standard of living "not overly disproportionate to that enjoyed during the marriage." *Knox and Knox*, 96 Or App 333, 335, 772 P2d 949 (1989). However, it should not allow one spouse to remain dependent on the other when circumstances do not require dependence. Wife is still relatively young and in good physical health. She has had some success in business and has an established client base on which to build. Although her emotional problems interfered to some extent, she continued to work throughout the dissolution proceeding. We conclude that she is capable of re-establishing her business and that, working full time, she could earn about $1,200 per month.

Husband earns substantially more than wife and likely always will. However, he also has assumed most of the parties' liabilities from the marriage, including the mortgage payment and total financial responsibility for the parties' two children. Moreover, wife, as the non-custodial parent, usually would be required to pay some child support. Under the judgment, she has no financial obligation for the children. Financial obligations to dependents and responsibility for financial obligations from the marriage are pertinent considerations in determining appropriate spousal support. ORS 107.105(1)(d)(G)(I). Considering those factors, as well as the parties' earning capacities, we conclude that the amount and duration of spousal support awarded by the trial court is just and equitable.

■■ In her second assignment of error, wife argues that the trial court erred in valuing the family home and in awarding it to husband.[1] We agree with the trial court's

---

[1] Husband moved to dismiss wife's appeal, contending that she had already received the benefits of the judgment by garnishing his wages to satisfy a cash award of $610. We denied husband's motion, but he raises the argument again here. We again deny the motion.

award of the house to husband. He has custody of the two children and has more need for the house than wife. We do not agree, however, with the trial court's valuation. The court accepted the 1988 bank appraisal as the proper value of the home and, because the debt outstanding on the house was approximately the same as the value, there was no equity to divide. As wife contends, the evidence showed that the 1990 tax-assessed value of the property was $51,950. Because that value is more recent, it should have been used. Accordingly, the parties have $6,950 as equity in the house. We conclude that, because of the presumption that wife contributed equally to the acquisition of this marital asset, this amount should be divided between the parties. ORS 107.105(1)(f). Wife is entitled to $3,475 for her share of the house.

Finally, wife contends that the trial court erred in failing to award her attorney fees. She argues that, because husband has more resources and was awarded the house, he should have to pay her attorney fees. We review an award of attorney fees for abuse of discretion. *Moreau and Moreau*, 89 Or App 563, 564, 749 P2d 1232 (1988). The trial court did not abuse its discretion.

Judgment modified to award wife a judgment for $3,475, payable on or before September 1, 1993, at 9 percent interest per year from entry of appellate judgment; otherwise affirmed. No costs to either party.