Argued and submitted June 2, judgment vacated in part; otherwise affirmed
October 20, 1993

In the Matter of the Marriage of

Jeffrey S. SEEVER,
*Appellant,*

*and*

Nancy J. SEEVER,
aka Nancy J. Schwirse,
*Respondent.*

(85-3627; CA A77065)

861 P2d 1038

William E. Loose argued the cause for appellant. With him on the brief were Gary M. Bullock and Bullock & Regier, P.C.

Stephen D. Petersen argued the cause for respondent. With him on the brief was Petersen & Reed, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Husband appeals the trial court's judgment that reinstated his spousal support obligation, increased child support and awarded attorney fees to wife. We review *de novo*, ORS 19.125(3).

The parties' 16-year marriage was dissolved in 1986. The dissolution judgment awarded custody of the parties' daughter to husband and ordered him to pay wife $500 per month spousal support for four years and $300 per month spousal support thereafter. Husband was injured in a work-related accident in August, 1987. In January, 1988, he moved to modify the judgment to terminate spousal support on the grounds that his decreased earning capacity resulting from his injury constituted a substantial change of circumstance. ORS 107.135. In response to the motion, the trial court ordered:

> "The Court finds there has been a change of [husband's] circumstances with respect to spousal support. [Husband] has suffered [a] disabling injury and has had his income greatly reduced. Further spousal support will be *suspended* effective upon the filing on January 14, 1988 of the Motion to Terminate by [husband].
>
> "[Wife] may re-apply for spousal support upon a showing of [husband's] future increased ability to pay." (Emphasis in original.)

In December, 1988, custody of the parties' daughter was changed to wife and husband was ordered to pay $50 per month child support.

Wife initiated this proceeding in April, 1991, seeking "reinstatement" of spousal support, increased child support, contribution for the daughter's educational expenses and attorney fees. After a hearing on the motion, the trial court "increased" child support from $50 to $425.03 beginning April 18, 1991, and terminating March 7, 1992. Regarding spousal support, it ordered:

> "[Husband's] obligation to pay *spousal support is rein-stated and is retroactive* to January 14, 1988, the date it was suspended * * *. As ordered in the parties' original decree, * * *, [husband] was ordered to pay $500 per month for four years commencing July 1, 1986; decreasing to $300 per

month thereafter. The afore ordered support will be terminated with the execution of this order. [Husband] is ordered to pay [wife] 29 months of spousal support at $500 per month and 26 months of spousal support at $300 per month, for a total of $22,300." (Emphasis supplied.)

On appeal, wife does not contest the termination of future spousal support.

 The trial court's authority regarding the dissolution of marriage and the relief that it can award are circumscribed by statute and administrative rules promulgated pursuant to statute. *Spady v. Graves*, 307 Or 483, 488, 770 P2d 53 (1989). We know of no authority for the trial court's "retroactive" reinstatement of spousal support nor do the parties make any persuasive argument in that regard.[1] Under ORS 107.135, a trial court has the authority to "set aside, alter or modify" spousal support provisions of a dissolution judgment. However, an order modifying a support obligation must be based on evidence of the parties' present or ascertainable future circumstances. *Curran and Curran*, 100 Or App 330, 333, 786 P2d 205 (1990). Furthermore, ORS 107.135(5) demonstrates that spousal support modifications are to be prospective:

> "Any termination or reduction of spousal support granted because of a change of circumstance *shall not be retroactive, but shall be prospective* from the date of such order is issued by the court, unless the party opposing the motion has caused unreasonable delay in the proceedings, in which case termination or reduction may be ordered effective retroactive to the date the motion for modification was filed or to any date thereafter." (Emphasis supplied.)

On appeal, the parties dispute whether the legal effect of the 1988 judgment "suspended" the spousal support obligation or "terminated" it. Regardless of the legal effect of the 1988 judgment, the trial court erred when it imposed a judgment of

---

[1] Effective September 29, 1991, the legislature enacted ORS 107.136, which provides for reinstatement of terminated spousal support under certain circumstances. Wife conceded during oral argument to this court that the trial court erred in awarding spousal support owed through the date of the judgment and suggested that the award be modified to provide for spousal support ending on the date she filed her motion in April, 1991. ORS 107.136 is not applicable retroactively under these circumstances. *See Joseph v. Lowery*, 261 Or 545, 547, 495 P2d 273 (1972).

$22,300 for a period of time that had already passed and for which there was no ongoing monthly obligation of support.

■ Next, husband assigns error to the trial court's order increasing child support. The trial court ordered:

> "Child support is *increased from $50 per month to $425.03 per month beginning April 18, 1991 and terminating March 7, 1992*. [Husband] ceased making payments after his June, 1991 payment when the child of the parties turned 18 even though she was a continuing student. [Wife] shall have judgment against [husband] in the amount of $4,950.36. The Child Support Guidelines reflect an appropriate support amount of $225.03 and the Court has added an additional $200.00 per month due to the increased college costs of the child of the parties * * *." (Emphasis supplied.)

Husband argues that, at the time the judgment was entered in September, 1992, his daughter was over 18 and was not attending school, and that, therefore, no amount of child support was proper.

Under ORS 107.135(6),[2] a dissolution judgment is a final judgment as to any payment of child support that has accrued up to the time either party makes a motion to modify the dissolution judgment. Wife filed her motion to modify in April, 1991, and the statute authorizes the trial court to increase the amount of child support as of that date. During the period between April, 1991, and March, 1992, the child was a "child attending school" within the meaning of ORS 107.108[3] and, therefore, the trial court's order is authorized

---

[2] ORS 107.135(6) provides, in part:

"The decree is a final judgment as to any installment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion."

[3] ORS 107.108 provides, in part:

"(1) In addition to any other authority of the court, the court may enter an order against either parent, or both of them, to provide for the support or maintenance of a child attending school:

"* * * * *

"(4) As used in this section, 'child attending school' means a child of the parties who is unmarried, is 18 years of age or older and under 21 years of age and

by statute. *See Sandlin and Sandlin*, 113 Or App 48, 831 P2d 64 (1992).

Next, husband argues that the trial court was without authority to order him to pay his daughter's college expenses in addition to child support. In its letter opinion, the trial court said:

> "This Court will deny the petition by [wife] to require the [husband] to separately pay the college education costs of the child of the parties * * *. The Court will, however, depart from the child support guidelines for the period of time that the child is in college and justify that departure by reason of the increased cost of the college education of the said child."

The trial court also said in a later letter opinion:

> "I am fully aware that I did not use the support guidelines in determining that extra expense. The extra child support constitutes an extraordinary event in the lives of the child, and both parents wherein she seeks assistance for a period of one year's college education. I do not think that is too much to ask. The amount is based upon the parties' financial ability to pay for college expenses."

■ In *Wiebe and Wiebe*, 113 Or App 535, 833 P2d 333 (1992), we held that the trial court erred in ordering the husband to pay college expenses in addition to child support. However, we suggested:

> "The educational expenses of a child *may* justify a deviation from the presumed amount of child support provided by the guidelines, ORS 25.280; OAR 137-50-330(2), but those expenses are a part of, and not in addition to, a child support obligation and are subject to the statutory limitations of such an obligation." 113 Or App at 538. (Emphasis in original.)

The trial court's order follows that suggestion. On *de novo* review, we conclude that the amount ordered by the trial court was a proper deviation from the presumed amount of child support established by the guidelines, and we affirm the trial court's judgment regarding child support.[4]

---

is a student regularly attending school, community college, college or university, or regularly attending a course of vocational or technical training designed to fit the child for gainful employment."

[4] The trial court's child support award did not take into consideration the amount of spousal support that was ordered. That was improper. *See* OAR

■ Lastly, husband relies on *Moreau and Moreau*, 87 Or App 202, 741 P2d 932 (1987), *on recon* 89 Or App 563, 749 P2d 1232 (1988), and argues that the trial court's award of attorney fees to wife should be reversed, because wife failed to cite a statute or any other authority to support such an award. In *Hogue and Hogue*, 115 Or App 697, 839 P2d 760, *mod* 118 Or App 89, 846 P2d 422 (1993), we overruled our holding in *Moreau, supra*, and held:

" 'It is not necessary to specify the statutory basis of a request for fees when the facts asserted would provide a basis for an award of fees, the parties have fairly been alerted that attorney fees would be sought and no prejudice would result.' " 118 Or App at 92 (quoting *Page and Page*, 103 Or App 431, 434, 797 P2d 408 (1990)).

*See also McCulloch and McCulloch*, 99 Or App 249, 251, 781 P2d 1240 (1989). Those requirements are met in this case. *See* ORS 107.135(7).

Judgment for past spousal support vacated; otherwise affirmed. Costs, not including attorney fees, to husband.

---

137-50-390. Because we delete the award of spousal support, the calculation of child support is not affected.