Argued and submitted May 24, reversed and remanded for recalculation of child support; otherwise affirmed November 24, 2004

In the Matter of the Marriage of

Jill K. BERRY,
*Respondent,*

*and*

Douglas L. BERRY,
*Appellant,*

*and*

Graham BERRY,
Adult Child Attending School,
*Other Respondent.*

9405-64470; A116089

101 P3d 817

Margaret H. Leek Leiberan argued the cause for appellant. With her on the briefs were Beth Mason and Mason & Associates.

Barry Adamson argued the cause and filed the brief for respondent Jill K. Berry.

No appearance for respondent Graham Berry.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Father appeals from a judgment modifying his child support obligations. We review *de novo*, ORS 19.415(3) (2001), and reverse and remand for recalculation of child support.[1]

Mother filed a motion for modification of child support and a motion to hold husband in contempt due to his alleged failure to pay past child support. Mother sought to have the amount of child support increased based on father's increased income and on the expenses of their eldest son, Graham, who is attending Tulane University.

Although mother and father had voluntarily agreed to pay for Graham's schooling for his freshman year, mother wanted father's obligation to pay for Graham's schooling included in father's child support obligation because of his history of noncompliance with prior court orders. Father objected and no longer agreed that Graham should attend a private university.

The trial court's judgment required father to pay the presumed child support amount of $1,857 a month and, "[a]s further child support, the balance of Graham's published educational expenses (tuition, room, board, fees and books) after loans, grants, and scholarships * * *. Consistent with the allocation of income, [mother] shall pay 22.8% and [father] shall pay 77.2%." Tulane University's annual total costs are approximately $35,000.

---

[1] The legislature amended ORS 19.415(3) in 2003. Or Laws 2003, ch 576, § 88 ("Upon an appeal from a [*decree*] **judgment** in a **case that constituted a** suit in equity **under common law**, the Court of Appeals shall try the cause anew upon the record." (Additions in boldface; deletions italicized in brackets.)). We need not decide whether the 2003 amendments to ORS 19.415(3) affect our standard of review because those amendments apply to the appeal of judgments that were entered on or after January 1, 2004. *See* Or Laws 2003, ch 576, § 90a ("The amendments to ORS * * * 19.415 * * * by sections 85 to 89 of this 2003 Act apply only to the appeal of judgments entered on or after the effective date of this 2003 Act. Any appeal of a judgment entered before the effective date of this 2003 Act shall continue to be governed by the law in effect on the day immediately preceding the effective date of this 2003 Act."). Based on the plain meaning of the text of Oregon Laws 2003, chapter 576, section 90a, we apply the 2001 version of ORS 19.415(3) in this case. *But see Kunze and Kunze*, 337 Or 122, 124, 92 P3d 100 (2004) (citing the current version of ORS 19.415(3) in addressing a judgment that was entered before January 1, 2004).

On appeal, father makes three assignments of error. First, father argues that the trial court did not follow the child support guidelines in modifying his child support obligation. Second, father argues that the trial court erred in ordering him to pay $3,263 in arrearages for Graham's freshman year at Tulane. Finally, father argues that the trial court erred in not considering as part of mother's gross income the value she received from her domestic partner paying their entire monthly mortgage. In response to father's first assignment of error, mother argues that father did not preserve the claims of error or that he invited the errors that he asserts. Alternatively, as to the merits of father's first assignment of error, mother argues that we should reconsider our prior case law interpreting the child support guidelines and that the trial court impliedly complied with them. We do not need to consider father's second and third assignments of error and mother's responses to them because we resolve this case based solely on the first assignment of error.

■　　　We begin by addressing whether father preserved his first assignment of error that the judgment modifying his child support obligation violated the guidelines. Mother vigorously argues that father did not preserve the errors of which he complains. We disagree. Father objected to "any child support in excess of the presumptively correct amount as set forth in the guidelines."

■　　　Turning to the merits, father argues that the trial court erred in not making the required findings to deviate from the presumptive child support obligation under the guidelines. ORS 25.280 and *former* OAR 137-050-0330(2)(b) (2002), *renumbered as* OAR 137-0050-0333(2) (2004)[2] required the trial court, in determining father's child support obligation, to determine the presumptive amount according to the guidelines and then to make "a written finding or a specific finding on the record" that the presumptive amount "would be unjust or inappropriate" in order to deviate from that amount. *See, e.g., Cain and Gilbert,* 196 Or App 28, 100 P3d 735 (2004) (reversing the trial court's determination

---

[2] Because the substance of this rule has not been changed, we will hereinafter refer to the rule as it is currently numbered.

of child support because it did not first determine the presumptive amount). The trial court correctly determined the presumptive amount under the guidelines, but it did not make "a written or specific finding on the record" as to why a deviation was justified. There is no support in ORS 25.280 or OAR 137-050-0333(2) that a court can "impliedly" deviate from the guidelines as mother suggests. As a result, we cannot affirm the trial court's decision awarding child support in excess of the presumptive amount when it did not make the required findings. *See, e.g., McGinley and McGinley*, 172 Or App 717, 735-36, 19 P3d 954, *rev den*, 332 Or 305 (2001).

■        Next, father argues that any increased child support obligation for Graham's school costs awarded as a separate, indeterminate amount is improper. In *Wiebe and Wiebe*, 113 Or App 535, 833 P2d 333 (1992), we held a similar indeterminate child support award to be invalid. We stated that "[t]he educational expenses of a child *may* justify a deviation from the presumed amount of child support provided by the guidelines, * * * but those expenses are a part of, and not in addition to, a child support obligation * * *." *Id.* at 538 (emphasis in original).

When determining whether a deviation is warranted, the plain language of OAR 137-050-0333(2) is instructive. It provides, in part, that "[a] new support amount shall be calculated by determining an *appropriate dollar value* to be attributed to the rebuttal criteria upon which the finding was based and by making an appropriate adjustment to the calculation." (Emphasis added.)

Applying those principles, we hold that the trial court erred in setting child support for Graham's school costs as a separate, indeterminate amount. On remand, the trial court should consider Graham's educational needs as one of the factors in determining whether to deviate from the presumed amount and should assign an "appropriate dollar value" to the new amount if the court finds that a deviation is justified. Because we remand this case to the trial court for recalculation of child support, we need not address father's argument that he should not be required to pay for Graham to attend a private university. Graham's educational needs are factors to be considered by the trial court in determining

whether to deviate from the presumptive amount and in recalculating the support amount, if necessary. *See* OAR 137-050-0333(1)(g). In addition, we need not address father's second assignment of error because father's argument is based on the erroneous child support determination that we are remanding for recalculation. Nor do we need to address father's third assignment of error because the financial benefit that mother receives from her domestic partner is also a factor to be considered by the trial court in deciding whether or not to deviate from the guidelines. *See* OAR 137-050-0333(1)(j).

Reversed and remanded for recalculation of child support; otherwise affirmed.