236 March 26, 2025 No. 258

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of

Chantha KIM,
*Petitioner-Appellant,*
*and*

Daniel KINNERSLEY,
*Respondent-Respondent.*

Multnomah County Circuit Court
19DR02699; A180803

Susan M. Svetkey, Judge.

On respondent's petition for reconsideration filed February 12, 2025, and appellant's response to the petition for reconsideration filed February 19, 2025. Opinion filed January 29, 2025. 337 Or App 503, ___ P3d ___.

Andrew W. Newsom for petition.

Elizabeth C. Savage for response.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

ORTEGA, P. J.

Reconsideration denied.

**ORTEGA, P. J.**

Father petitions for reconsideration of our decision in *Kim and Kinnersley*, 337 Or App 503, ___ P3d ___ (2025). Father contends that we should clarify and reconsider our opinion to address whether the vacated "unreimbursed medical expenses" other than for Wasatch qualify as "medical" expenses and to correct factual and/or procedural errors in footnotes 1 and 4. We have considered father's petition and mother's response, and we order that the petition for reconsideration be denied.

Father contends that we should address whether all of the vacated "unreimbursed medical expenses" qualify as "medical" expenses, aside from Wasatch, which he conceded is not "medical" care. But our disposition of mother's second assignment of error obviated the need to do so. In her opening brief, mother's second assignment of error contended that "[t]he trial court erred in ordering [m]other to pay retroactive child support and 'unreimbursed medical expenses' accrued prior to the date mother was served with [f]ather's Motion to Modify Child Support." *App Br* at 37. Addressing that assignment of error first because it provided more complete relief than her first assignment, we agreed with mother that the error was plain, and we exercised our discretion to reverse all expenses awarded in the supplemental judgment that accrued prior to July 11, 2022. *Kim*, 337 Or App at 509-13.

*Aspiro.* The record shows that the expenses for Aspiro were accrued before July 11, 2022. Tr 117 (father's testimony describing Aspiro as an "eight week wilderness program"); ER 242-62 (Aspiro psychological evaluation dated November 14, 2021, which states that S was evaluated in October 2021 and that, "at the time of testing, [S] was residing at Aspiro"). The trial court therefore had no authority to order mother to pay those expenses on father's motion to modify child support served on mother on July 11, 2022. For that reason, we did not—and need not—address whether Aspiro was a "medical" expense.

*Out-of-network therapy.* Father argues that footnote 1 contains a factual error because mother "argued at

length in the body of her brief that she should not be responsible for *any* of S's medical expenses," including S's out-of-network therapy. *Pet for Recon* at 3 (emphasis in original). But father also concedes that mother "did not assign error on those points," *id.*, which is dispositive. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error." (Footnote omitted.); ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."); *App Br* at 10 (mother's first assignment of error contended that "[t]he trial court erred in ordering [m]other to pay for half of [S's] boarding school and summer camp as 'unreimbursed medical expenses' separate from [child] support"). To the extent that father's expenses for S's out-of-network counseling accrued on or after July 11, 2022, they were not challenged by mother's second assignment of error. And because mother's first assignment of error was limited to boarding school and summer camp expenses, that assignment did not challenge S's out-of-network therapy expenses. Accordingly, we did not—and need not—address whether those expenses were "medical" expenses.

Finally, father argues that mother did not correctly assign error to the "unreimbursed medical expenses" award. That argument is not well taken. As explained above, mother's second assignment identified the precise ruling that she challenged, *viz.*, the award of retroactive child support and "unreimbursed medical expenses" that accrued before July 11, 2022, and she expressly sought plain error review.

To the extent that father now contends that those expenses were correctly awarded under ORS 107.104 in a proceeding to enforce an existing judgment, we made clear in footnote 4 that father did not make that argument below and did not argue on appeal that the judgment should be affirmed on that alternative basis. Father is therefore incorrect that "it is not [his] obligation to argue a particular point on appeal." *Pet for Recon* at 5. Indeed, father acknowledges that his "initial motion did not include a claim for medical

reimbursement" under ORS 107.104, *Pet for Recon* at 6, and our review of the record confirms that father never invoked ORS 107.104 as a basis for relief. Even assuming mother's pleadings could be liberally construed to raise that issue, which we doubt, father, as the proponent of the motion, did not provide sufficient notice to mother or the court that he was seeking that relief. We therefore did not address it on appeal.

Father's petition identifies no factual or procedural error in our disposition of the appeal. Contrary to father's contention, we have not "chosen to effectively perform the role of [m]other's attorney," nor have we "ignored [our] own deeply established rules for whether and how to address errors on appeal" or the Oregon Rules of Civil Procedure. *Pet for Recon* at 9.

Reconsideration denied.