No. 487 June 3, 2026 277

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Misti M. WEBB,
nka Misti M. Brill,
*Petitioner-Appellant,*

*v.*

John C. WEBB,
*Respondent-Respondent.*

Clackamas County Circuit Court
DR13120098; A185438

Thanh H. Tran, Judge.

Submitted March 19, 2026.

Andrew W. Newsom filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Portion of supplemental judgment regarding adult child's education expenses reversed; portion of supplemental judgment regarding guidelines support orders benefiting adult child attending school vacated and remanded; otherwise affirmed.

**HELLMAN, J.**

Mother appeals from a supplemental judgment that modified her child support obligation under ORS 107.135 for her adult "child attending school," as defined by ORS 107.108. In a single assignment of error, mother argues that the trial court plainly erred in separately ordering that she pay a percentage of adult child's total education costs without use of the Child Support Guidelines (guidelines), OAR 137-050-0700 to 137-050-0765. For the reasons set out below, we agree with mother and exercise our discretion to correct the trial court's plain error. We therefore reverse the portion of the supplemental judgment regarding adult child's education expenses, and vacate and remand the portion of the supplemental judgment regarding guidelines support orders benefiting adult child attending school for further proceedings consistent with this opinion.

We briefly set out the relevant facts. Mother moved to modify her child support obligation for adult child, who attends a nursing program and lives with father. The trial court held a hearing to determine the appropriate amount of child support for adult child. After receiving evidence on adult child's accrued and expected education costs, the trial court invited parents to propose what percentage or dollar amount that they each would be comfortable contributing to adult child's education. Mother did not propose a specific percentage or amount. She instead indicated that she "would lean to [the court] for support" in determining the proper amount. Father, on the other hand, requested that adult child be supported in the amount of $405, consistent with mother's child support obligation at that time. The court then asked parents how the proposed amount of $405 "should be apportioned between the two parties; if at all." Mother stated that she'd "be happy to split it based on our income percentages."

The trial court entered the supplemental judgment, in which it established parents' respective child support obligations for adult child, as a "child attending school." ORS 107.108(2). Based on the methodology set forth in the guidelines, the court ordered mother to pay monthly child support to adult child consistent with the presumptive amount of $359. It ordered father to pay no child support to adult child.

Although father's support obligation of $0 differed from the presumptive amount, the court rebutted that amount with a finding, consistent with the guidelines, that "adult child resides with [father]." OAR 137-050-0760(1)(q).

The supplemental judgment also included a provision regarding adult child's tuition, which was separate and apart from parents' support obligations under the guidelines. That provision reads:

> "Share of total/combined income: Per [mother]'s agreement during the hearing, parties will split/share in [adult child]'s educational costs (tuition) in amounts of 66% for [mother] and 34% for [father] which is based upon proportional share of total income; This includes any amounts already paid for [adult child] or [father] and [mother] will reimburse for those amounts."

Mother now appeals from the supplemental judgment.

We need not conclusively resolve whether mother preserved her challenge to the support modification, because, as we explain below, we conclude that the trial court plainly erred. "To qualify for plain-error review under ORAP 5.45, an error must be (1) an error of law; (2) obvious and not reasonably in dispute; and (3) apparent on the record without requiring an appellate court to choose among competing inferences. If an error is plain, we must then decide whether to exercise our discretion to review and correct the error and explain our reasons for doing so." *Kim and Kinnersley*, 337 Or App 503, 509-10, 564 P3d 177, *recons den by opinion*, 339 Or App 236, 567 P3d 503, *rev den*, 374 Or 143 (2025) (internal citations omitted); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (listing factors that may guide a court's decision to exercise discretion).

Whether the court had the statutory authority to enter the provision is a question of law, and here the court plainly erred when it obligated mother to pay a percentage of adult child's education expenses independently from the child support that had already been calculated and ordered under the guidelines. *Kim*, 337 Or App at 510. Education expenses are "part of, and not in addition to, a child support obligation and are subject to the statutory limitations

of such an obligation." *Wiebe and Wiebe*, 113 Or App 535, 538, 833 P2d 333 (1992); *see, e.g.*, *Kim*, 337 Or App at 514 (accepting father's concession that the trial court erred in ordering the payment of tuition costs as separate from child support); *Berry and Berry*, 196 Or App 296, 300, 101 P3d 817 (2004) (concluding that the trial court erred in setting child support for child's education expenses as a "separate, indeterminate amount"). In particular, ORS 107.108 "does not authorize a trial court to order a parent to pay college expenses *in addition to child support.*" *Wiebe*, 113 Or App at 537 (emphasis added). Thus, to order a parent to pay education expenses for their child attending school under ORS 107.108, a court must calculate that amount in accordance with the guidelines. ORS 25.280; OAR 137-050-0700(1).

Apart from the supplemental judgment itself, the trial court also expressed its understanding that the guidelines did not apply to the calculation of child support for an adult child under ORS 107.108, stating at the hearing that it had "a lot more discretion" in determining the support owed by a parent to an adult child.[1] That statement further demonstrates the trial court's plain error in this case.

Moreover, it is apparent from the record that mother did not agree or otherwise stipulate to "split/share" adult child's tuition "during the hearing," as the court indicated in the provision regarding education expenses.[2] *See* ORCP

---

[1] A court may order a parent to pay an amount other than the presumptive obligation set by the guidelines only if it determines that the presumptive amount is unjust or inappropriate and if the trial court sets out that different amount and the reason that it should be ordered. ORS 25.280; OAR 137-050-0760(1); *see, e.g.*, *Seever and Seever*, 124 Or App 54, 59, 861 P2d 1038 (1993) (upholding order that adopted a deviation from the presumptive amount for a child attending school, where the court included a written rebuttal finding). Because the trial court calculated adult child's education expenses outside the scope of the guidelines, it did not follow that correct legal pathway.

[2] Indeed, it is unclear whether or to what extent the parties can stipulate to a child support provision that bypasses the guidelines. *See Reeves and Elliott*, 237 Or App 126, 130-31, 238 P3d 427 (2010) (declining to address whether a court has the authority to implement a child support stipulation benefiting a child attending school that went beyond that expressly provided for in ORS 107.108); OAR 137-040-0765(3) ("[T]he parties may consent [in writing] to a support amount that is within 15 percent of the amount determined under [the guidelines.]"); *Grile and Grile*, 138 Or App 630, 633-34, 909 P2d 1248 (1996) (suggesting that a court may consider a stipulation in determining the appropriate child support amount that is consistent with, rather than separate from, the guidelines).

67 F(2) (authorizing the trial court to adopt a stipulation by judgment if the stipulation is "assented to by all parties thereto in open court"). Mother broadly indicating that she "would lean to" the court in calculating the appropriate amount of support owed to adult child was not an agreement to pay 66 percent of adult child's total education costs because that term was never discussed at the hearing.

Indeed, mother only agreed to split the amount of $405 "based on [parents'] income percentages." At the hearing, the court specifically asked mother how $405, the amount of support for adult child that father had proposed, "should be apportioned between the two parties." That led to the following exchange:

> "THE COURT:    *** [Mother], *** now that you've heard [father] indicate that he's thinking a reasonable number is $405 for [adult child][,] [d]o you have a position as to how much of *that* should be born by you and how much should be born by [father]?
>
> "[MOTHER]:   Um, I'd be happy to split *it* based on our income percentages. If that makes sense?
>
> "THE COURT:   It does.
>
> "[MOTHER]:   Okay.
>
> "THE COURT:   So I would add both your incomes and figure out what the percentages are. Okay."

(Emphases added.)

That exchange makes clear that mother's agreement did not extend to the indeterminate and much larger amount associated with adult child's overall education costs. And nothing else in the record indicates that the parties agreed to the terms set out in the provision, as required by ORCP 67 F(2). Therefore, the trial court plainly erred in concluding that an agreement on the part of the parties permitted it to include the provision regarding adult child's education costs.

Having found plain error, we exercise our discretion to correct it. Requiring mother to pay 66 percent of adult child's overall and uncapped education costs presents

a "sufficiently grave" financial obligation to warrant our intervention. *Kim*, 337 Or App at 512-13.

Therefore, we reverse the supplemental judgment as to the provision requiring mother and father to pay percentages of adult child's total education costs. And because we cannot tell to what extent the trial court's calculation of mother's and father's support obligations under the guidelines, in the amount of $359 and $0, respectively, was influenced by the additional financial support granted in the provision, we vacate those child support orders benefiting adult child.[3] We remand for the trial court to re-calculate parents' respective support obligations to adult child, as a child attending school under ORS 107.108, using the methodology set out in the guidelines. The court may consider adult child's education costs in determining whether ordering an amount different than the presumptive amount is justified. OAR 137-050-0760(1)(q).

Portion of supplemental judgment regarding adult child's education expenses reversed; portion of supplemental judgment regarding guidelines support orders benefiting adult child attending school vacated and remanded; otherwise affirmed.

---

[3] We do not disturb the portion of the supplemental judgment setting out mother's child support obligation benefiting parents' other, minor child.